THE STATE, EX REL. GRAN ENSIGN, v. JOHN WALLICHS, AUDITOR OF PUBLIC ACCOUNTS.

1. Warrants on State Treasury: APPROPRIATION: CONSTITUTIONAL LAW. Warrants on the state treasury can only be drawn in pursuance of specific appropiations made by law. Cons., Sec. 22, Art. III.

2. Legislative Appropriation. An appropriation for objects described thus: "Fugitives from justice, rewards for escaped convicts, sheriffs' fees for conveying convicts to penitentiary, etc., $18,000," cannot be drawn against in payment of sheriff's fees for conveying juvenile offenders to the state reform school.

ORIGINAL application for mandamus.

O. P. Mason, for relator.

LAKE, CH. J.

The relator is sheriff of Lancaster county. In the discharge of his duties as such he was required to convey one Nathaniel Brewster, a convicted-juvenile offender, to the state reform school at Kearney, for which service he is justly entitled to receive from the state the sum of $41.45, as the amount of his proper fees and expenses. He has made an account thereof in due form and presented it to the respondent, who has audited and allowed it, but refuses to draw his warrant upon the treasurer therefor, upon the sole ground of there being, as he claims, no appropriation from which it can lawfully be

paid. And the sole question to be answered is whether there be such an appropriation or not.

The constitution, in sec. 22, Article III, declares that: "No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued by the auditor thereon." On behalf of the relator it is urged that this constitutional requirement is fully answered, as to this claim, in the following item of the general appropriation act, approved March 1st, 1881, in these words : "That the following sums of money, or so much thereof as may be necessary, is hereby appropriated for the payment of the current expenses of the government, for the years ending March 31st, 1882, and March 31st, 1883," etc. Then follow the several objects and amounts, among which we find : "Fugitives from justice, rewards for escaped convicts, sheriffs' fees for conveying convicts to penitentiary, etc., $18,000." If the relator's demand fall within the purview of this clause, then the auditor is authorized to draw his warrant for the amount, there being still an unexpended balance sufficient to meet it, otherwise he is not.

It is not really insisted by counsel for the relator that the service performed by him related either to "fugitives from justice," to "escaped convicts," or to the "conveying of convicts to the penitentiary." It is very clear that it belongs to neither of these. But, it is said, that, in character, it is like unto the latter, and therefore, is fairly covered by the abbreviation " etc." which follows it, and by which the legislature must have intended any and all other objects similar to those specially mentioned.

That such may have been, and probably was, the design of the legislature, we admit, but that " etc." designates any object, or number of objects, in particular, we deny. It is equivalent to saying " and others," or " and so forth," which cannot properly be said to be a "specific" designa-

tion of anything. In construing this provision of the constitution the rule that the words are to be given their usual, ordinary meaning, must not be disregarded. By this rule the term " specific appropriation " means a particular, a definite, a limited, a precise appropriation, which as to the services in question we do not think this appropriation is. To hold it to be so, would, we think, open a very wide and dangerous door to the treasury, and practically nullify one of the most valuable provisions of the constitution.

In the connection in which it is here found, we do not think that this abbreviation can be given any effect whatever. For these reasons the writ must be denied.

WRIT DENIED.