THE STATE OF NEBRASKA, EX REL. CHARLES J. NOBES, PLAINTIFF, v. JOHN WALLICHS, AUDITOR, DEFENDANT.

1. **Appropriation of Public Money.** The auditor of public accounts has no authority to draw his warrant upon the state treasury for money except in pursuance of a specific appropriation made by law.

2. ———. The act of Feb'y 28, 1883, entitled "An act making appropriations for the current expenses of the state government," etc., does not appropriate any money for the purpose of returning prisoners from the penitentiary to the counties in which they were convicted, for retrial.

3. **Compensation:** SALARY TO COVER. The warden or other officers of the penitentiary drawing a salary from the state are not entitled to any increase of compensation for services imposed by law in returning prisoners for retrial.

REESE, J.

This is an application to this court, in the exercise of its original jurisdiction, by the warden of the penitentiary for a writ of mandamus to the state auditor to compel him to draw his warrant on the state treasury for the sum of $66.30, being the alleged expenses of returning two prisoners to the county jail of Adams county for retrial.   To the application the respondent filed a general demurrer, upon the ground that the application fails to state facts sufficient to entitle the relator to the writ.

Section 514 of the criminal code makes it the duty of the warden of the penitentiary, in case a new trial of a convict be ordered, to forthwith cause the defendant to be taken and conducted to the county jail in the county where he was convicted, and there be delivered to the keeper of said jail.   That being his duty, and the demurrer having admitted the facts alleged in the application for the writ, the only question requiring our present attention is, whether or not there has been an appropriation of the necessary funds to pay this expense.

Section 22 of article III. of the constitution of this state provides that, "No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law."   It is claimed by the relator that the appropriation has been made in the item of "Fugitives from justice, rewards, sheriffs' fees, etc.," found in the miscellaneous appropriations on page 362 of the session laws of 1883, and contained in "An act making appropriations for the current expenses of the state government for the years ending March 31st, 1884, and March 31st, 1885, and to pay miscellaneous items of indebtedness owing by the state of Nebraska," approved February 28, 1883.   We think it clear that the appropriation fails to cover cases of this kind, and that the auditor can issue the warrant only in case of a "specific appropriation" being made to pay the expense.

Sturtevant v. State.

This being the view of the court, it is apparent that the relator is not entitled to the relief sought, and the demurrer must be sustained.

While the foregoing may be sufficient to dispose of the question directly before the court, yet it is thought proper to call attention to the further consideration that section twelve on page 508, Compiled Statutes, fixes the salary of the warden at $1,500, and that it being made his duty by law to return convicts for retrial, the only compensation which can be allowed him is the reimbursement of money actually and necessarily paid out by him in such return, and that no person, whether warden or guard, in the employment of the state at a fixed compensation or salary can be allowed any per diem or compensation for making the return of the persons so to be returned.

All the judges concur and the writ is

DENIED.

*C. J. Dilworth*, for the relator.

*Isaac Powers, Jr., Attorney General*, for the respondent.