THE STATE OF NEBRASKA, EX REL. W. M. CLINE, V. JOHN WALLICHS, AUDITOR OF PUBLIC ACCOUNTS.

**Appropriations.** There can be no implied appropriation of money by the legislature. The auditor has no authority to draw a warrant upon the treasury except in pursuance of a specific appropriation.

MAXWELL, J.

This is an application to compel the auditor to draw his warrant on the temporary school fund for the sum of $5,583.35, for the premium on county bonds purchased by the board of educational lands and funds. The account has been audited, and the only objection made by the defendant to drawing the warrant in question is, the want of an appropriation. It is claimed on the part of the relator that there is an implied appropriation of sufficient of the temporary school fund for the purpose of paying the premium on bonds purchased by the board.

Sec. 29 of an act to amend an act entitled "An act to provide for the registry, sale, leasing, and general management of all lands and funds set apart for educational purposes, and for the investment of the funds arising from the sale of such lands," approved Feb. 24, 1883 [Laws of 1883, 314], provides that, "the said board shall, at their regular meetings, make the necessary orders for the investment of the principal of the fund derived from the sale of said lands then in the treasury, but none of said funds shall be invested or loaned except on United States or state securities or registered county bonds. *Provided,* The said board at their discretion may, in the purchasing of such bonds, pay from the temporary school fund a premium on high rate of interest bonds. *Provided, however,* The said premium shall not be such as to reduce the investment in such case to a lower rate of interest than six per cent per an-

39

num." It is claimed that the section quoted makes an appropriation of the necessary amount to pay the premium. But we do not think so. Sec. 22, art. III. of the constitution provides that, "no money shall be drawn from the treasury except in pursuance of a *specific* appropriation made by law." A specific appropriation is one expressly providing funds for a particular purpose. There can be no implied appropriation of money under our constitution, nor any claim audited unless the items of the account are set out. *State v. Wallichs,* 14 Neb., 439. There is also a provision that, "no money shall be diverted from any appropriation made for any purpose." The legislature possesses no power to make an implied appropriation, and there being no express appropriation of the temporary school fund for the purposes named, the auditor had no authority to draw a warrant. The writ must therefore be denied. By the court,

WRIT DENIED.

*Charles O. Whedon,* for relator.

*Isaac Powers, Jr., Attorney General,* for respondent.

