WALES F. SEVERANCE, PLAINTIFF IN ERROR, V. SAMUEL M. MELICK ET AL., DEFENDANTS IN ERROR.

1. **Replevin:** CHATTEL MORTGAGE. In an action of replevin between S., plaintiff, and M. and E., defendants, the property was replevied and disposed of, the plaintiff's claim to said property being based on a chattel mortgage thereof executed to him by one C., and the defendants claimed to be the general owners of said chattels, founding their title upon a sale and purchase thereof upon the foreclosure of two chattel mortgages executed by said C. to one F. L. S. prior to the execution of plaintiff, and

it being the chief point in controversy whether said mortgage to F. L. S. sufficiently described the chattels to make the same notice to a subsequent mortgagee, there being evidence on both sides, it was error on the part of the court to instruct the jury that in case they should find that "the property in controversy *was included* in a mortgage to Frank L. Sheldon, which mortgage was prior in date to that of plaintiff, and that said mortgage to Frank L. Sheldon was also duly filed in the county clerk's office of Lancaster county, * * * and that by virtue of his prior mortgage or mortgages said Sheldon took the property in controversy and foreclosed his said mortgages, and by virtue of said mortgage title sold the property in controversy to the defendants, then your verdict must be in favor of the defendants, and you will assess the value of the property in controversy and damages for taking thereof in accordance therewith ; his interest in the property in question will be the amount due on notes, secured by said mortgage, if you find plaintiff's mortgage is a valid ien on the property in suit and there was anything due on his note secured thereon, and it is subsequent to Sheldon's mortgage," and the verdict of the jury rendered in accordance with such instruction cannot be upheld.

2. ———— A party to a jury trial has the right to have an instruction prepared by him given to the jury if the same expresses the law correctly as applicable to the issues and evidence in the case, unless the same is either in form or substance contained in some instruction already given, and that without modification or addition thereto by the court.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J., sitting for POUND, J.

*Wales F. Severance, pro se.*

*L. C. Burr,* for defendants in error.

COBB, CH. J.

This action was brought in the court below by the plaintiff against the defendants for the possession of certain chattel property. The claim of the plaintiff to the said property was founded on a chattel mortgage executed to him by one Cochran to secure the payment of a promissory note for $200, interest, and attorney's fees.

It appears from the pleadings that one Frank L. Shel-
don had two mortgages executed by the same party, prior
in date to the plaintiff's mortgage, upon property of a
somewhat similar description; that Sheldon had taken pos-
session of certain property and transferred it to the defend-
ants, from whose possession it was taken on the writ of re-
plevin in this action.   And the controversy in this case is
as to whether the property described in Sheldon's mortgage
or mortgages is the same property described in the plain-
tiff's mortgage, or rather whether the description of the
property as contained in Sheldon's mortgage or mortgages,
they being of record, was sufficiently definite and correct
as a description of the property replevied to have amounted
to notice to the plaintiff at the time of taking his mort-
gage?

Upon the several questions involved in this inquiry,
there was considerable and apparently contradictory testi-
mony; but as the conclusion to which the court has ar-
rived for the disposition of this case does not involve it,
and its consideration would occupy more time than I have
at my disposal for that purpose, it will not be considered,
but it is proper to remark that throughout the trial there
seems to have been a lack of control on the part of the
court over the attorneys, and a disinclination to interfere
with their peculiar method of examining witnesses, which
this court could not approve.    The case was tried to a jury
in the court below, who brought in a verdict of which the
following is a copy:

"We, the jury in this case, being duly impaneled and
sworn, do find and say that we find the issues joined in
favor of the defendants; and do further find that at the
commencement of this action defendants had the right of
property and special ownership in the goods and chattels
in the petition described to the amount of $144.90, and
were entitled to the possession thereof; and we do assess
defendants' damages against the plaintiff by reason of the

premises at one dollar; and we further find the value of property in question $126."

There is a peculiarity about this verdict which can scarcely fail to attract attention. The verdict finds the defendants to possess a special property in the chattels to the amount of $144.90, when the absolute value thereof is fixed at $126. This conclusion on the part of the jury could scarcely have been arrived at by them under proper instructions; and we need not look far for the instruction which must have been the cause of this peculiar verdict.

The second instruction given by the court on the part of the defendant reads as follows: "If you shall find from the evidence that the property in controversy was included in a mortgage to Frank L. Sheldon, which mortgage was prior in date to that of plaintiff, and that said mortgage to Frank L. Sheldon was also duly filed in the county clerk's office of Lancaster county according to law at the time of the execution and delivery of the mortgage alleged by plaintiff, and that by virtue of his prior mortgage or mortgages said Sheldon took the property in controversy and foreclosed his said mortgages, and by virtue of his said mortgage title sold the property in controversy to the defendants, then your verdict must be in favor of the defendants, and you will assess the value of the property in controversy and damages for taking thereof in accordance therewith. His interest in the property in question will be the amount due on notes secured by said mortgage, if you find plaintiff's mortgage is a valid lien on the property in suit and there was anything due on his note secured thereby, and it is subsequent to Sheldon's mortgage."

This instruction seems to me not only to ignore the real question in controversy, to-wit, the identity and description of the property in controversy, but also ignores the possibility of the property replevied being less in value than the amount of Sheldon's mortgages. In both respects I consider the instruction erroneous and prejudicial to the

plaintiff in error, as well as necessarily misleading to the jury. The defendants were in no event entitled to a judgment against the plaintiff for more than the value of the property replevied, together with damages for the detention thereof; but it will be seen that the jury gave them by their verdict $18.90 more than the value of the property as they found it, besides damages for its detention, which they estimated at one dollar.

Were I satisfied with the case in all other respects, we might direct a remittitur for this excess and allow the judgment to stand for the remainder; but I am satisfied that there are many other errors in the record, one of which arises upon the modification by the court of the fifth instruction given at plaintiff's request, which reads as follows: "Without you find that the description of cattle in Sheldon's mortgage was such as would enable persons examining the record to locate and identify the property, aided by such inquiries as the mortgages then suggested, you are instructed that such mortgages as to description are not sufficiently definite to be notice to the subsequent mortgagee in good faith for value." This the court modified by adding the following: "And the same will be applicable to plaintiff's mortgage." This modification was not necessary to explain or limit the meaning of the instruction as requested by the plaintiff; and the giving of it in connection with the instruction was well calculated to mislead the jury in the application of the instruction.

It is a rule of general if not universal acceptation that a party to a case presenting an instruction to the court has the right to have such instruction given to the jury if the same expresses the law correctly as applicable to the issues and evidence in the case, unless the same is either in form or substance contained in some instruction already given, and that without modification or additions thereto by the court. Therefore, without examining the other errors complained of by plaintiff in his petition in error, we

have reached the conclusion that there must be a new trial.

The judgment of the district court is therefore reversed and the case remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.