STATE OF NEBRASKA, EX REL. W. M. CLINE, V. JOHN WALLICHS, AUDITOR OF PUBLIC ACCOUNTS.

**Appropriation:. POWER OF LEGISLATURE.** The legislature has no authority to make an implied appropriation of money. It must be done by a specific act.

MAXWELL, J.

This case was before the court at the January term, 1884, and an opinion filed denying the writ, which is reported in 15 Neb., 609. A rehearing was granted and the cause again argued on behalf of the relator and submitted. That the claim against the state is just and should be paid, there is no doubt, and the only question for determination is, whether or not under the constitution the auditor can draw a warrant on the treasury without a specific appropriation to draw against. In other words, whether a provision in the law authorizing the board of educational lands and funds to purchase high rate of interest bonds above par and pay the premium out of the temporary school fund, is sufficient to authorize the auditor to draw a warrant on such temporary fund for the premium, without a specific appropriation of such fund for that purpose? The constitution prohibits drawing money from the treasury except in pursuance of a specific appropriation, and declares that "no money shall be diverted from any appropriation made for any purpose, or taken from any fund whatever, either by joint or specific resolution." Sec. 22, Art. III. The clear intent of these provisions was to require specific appropriations and prohibit their diversion to other purposes. The constitution requires the "equitable distribution of the fund set apart for the support of the common schools among the several school districts of the state," and declares that the legislature "shall provide for the free instruction in the common schools of the state, of all

.persons between the ages of five and twenty-one years."
Art. VIII.

The temporary school fund is set apart or appropriated
by the constitution for the support of the common schools,
and is to be distributed among the several school districts
in the manner provided by law, and cannot be diverted
from that purpose except by a direct appropriation.  But
it is said on behalf of the relator that by purchasing the
bonds and thereby obtaining the interest thereon, the tem-
porary school fund is benefited to that extent, and therefore
the appropriation from the temporary school fund is com-
pensated by the interest thus received.  There is consider-
able force in this point, but it does not overcome the in-
hibitions on the power of the legislature above stated.  In
*State v. Wallichs*, 12 Neb., 409, Lake, Ch. J., says : "In
construing this provision of the constitution, the rule that
the words are to be given their usual or ordinary meaning
must not be disregarded.  By this rule the term 'specific
appropriation' means a definite, a limited, a precise ap-
propriation," and it was held that warrants on the treasury
could be drawn only in pursuance of specific appropriations.
To the same effect is *State, ex rel. Nobes, v. Wallichs*, 15
Neb., 457.  In the former opinion filed herein, it is said
(15 Neb., 610): "There can be no implied appropriation
of money under our constitution."  This, we think, is a
correct statement of the law, and as there was no specific
appropriation against which the auditor could draw a war-
rant in this case it was his duty to refuse to do so.  The
writ is denied.

JUDGMENT ACCORDINGLY.

*C. O. Whedon*, for the relator.