REQUESTED BY: Mr. Charles R. Fricke, Administrator, Agricultural Products Industrial Utilization Committee, and Mr. Todd C. Sneller, Administrative Assistant, Agricultural Products Industrial Utilization Committee.
Does L.B. 424, which provides for an Agricultural Products Industrial Utilization Committee Membership Fund of $30,000.00, authorize expenditures from that fund during fiscal year 1977-78?
No.
In your letter of May 3, 1978, you noted that section 20 of L.B. 424, a bill signed by the Governor on April 21, 1978, and passed with the emergency clause, creates an Agricultural Products Industrial Utilization Committee (APIUC) Membership Fund. Section 20 of L.B. 424 also directs the APIUC to become a member of any national gasohol promotion group, and further declares:
 ". . . There is hereby appropriated thirty thousand dollars to the Agricultural Products Industrial Utilization Committee Membership Fund which is hereby created for the purposes of membership in any national gasohol promotion group."
L. B. 424 is primarily a substantive bill to adopt the Nebraska Gasohol and Energy Development Act and to provide grants for the production of plants or facilities related to the production or storage of grain alcohol. An ancillary, yet related aspect of this substantive legislation was the creation of the APIUC Membership Fund at section 20. You have asked whether this legislation has authorized your committee to expend monies from the fund in fiscal year 1977-78.
We must first examine the actual language of section 20. This section simply operates to place money from the general fund into a special fund, the APIUC Membership Fund. In order to actually distribute this money, there must be an express appropriation to your committee to expend money for the statutory purposes described. This has not been done by section 20. One could read section 20 to imply an appropriation of money by the Legislature, but the Nebraska Constitution, at Article III, section 25, proscribes against any money being drawn from the Treasury except in pursuance of a specific appropriation made by law. There can be no implied appropriation of money by the Legislature. State ex rel.Cline v. Wallichs, 15 Neb. 609, 20 N.W. 110 (1884).
There is a second reason why L.B. 424 should not be read as an appropriations bill. As we have noted in previous opinions, the constitutional provisions relating to appropriation bills, when read together, cause us to conclude that appropriation bills must be restricted to making appropriations only, and not enacting substantive legislation. See Report of the Attorney General, 1975-76, No. 215 at p. 296, a copy of which is attached hereto. As we noted above, L.B. 424 is primarily substantive legislation providing for grants to be used in the construction of gasohol plants. As such, if the act is read to also make a specific appropriation of money to a particular agency, the legislation may transgress certain constitutional guidelines. See Stahmerv. State, 192 Neb. 63, 218 N.W.2d 893 (1974).
Therefore, it is our opinion that, while section 20 of L.B. 424 does create an APIUC Membership Fund, the act does not provide a specific appropriation which would authorize your committee to make expenditures from that fund. Such authorization can only be made by future legislative action.