REQUESTED BY: Senator Tom Vickers Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
This is in response to your opinion request of October 23, 1985. In that letter you request an opinion on the constitutionality of an amendment you wish to propose which would give "a specified amount of discretion to agency directors to reduce individual programs within their agency's purview." Your question is whether such a lump sum budget reduction is constitutional. You indicate that your proposed amendment would be similar to an amendment previously introduced which provided that:
It is the intent of the Legislature that:
 (1) Each agency director allocate the agency General Fund appropriation among the various programs of the agency;
 (2) Each agency shall absorb the reduction to the General Fund appropriation made for fiscal year 1985-86 by the Beutler-Vickers amendment with the least possible adverse effect on direct services to the public; . . .
In a previous opinion dated October 29, 1975, we addressed a similar legislative proposal which also arose out of a special session seeking budget reductions. A copy of this opinion is attached. In that situation the proposed legislation would also have allowed agency directors' discretion in where to cut their own appropriations. We concluded that such legislation was an unconstitutional delegation of legislative authority and did not meet the constitutional requirements for a specific appropriation. We find that reasoning applicable here.
Article III, Section 25, of the Nebraska Constitution provides that No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued as the Legislature may direct, and no money shall be diverted from any appropriation made for any purpose or taken from any fund whatever by resolution.
Article III, Section 22, also provides that "Each Legislature shall make appropriations for the expenses of the Government."
The term "specific appropriation" has been defined on numerous occasions by our courts. In State v. Wallichs,12 Neb. 407, 11 N.W. 806 (1882), the court indicated that: "`specific appropriation' means a particular, a definite, a limited, a precise appropriation. . . ." In State ex rel. Cline v. Wallichs, 15 Neb. 609, 20 N.W. 110 (1884), the court further indicated that: "A specific appropriation is one expressly providing funds for a particular purpose. There can be no implied appropriation of money under our constitution, . . ." Likewise, in State v. Moore, 50 Neb. 88,69 N.W. 373 (1896), the court stated that: An appropriation may be specific, according to any of the definitions heretofore given, when its amount is to be ascertained in the future from the collection of the revenue. It cannot be specific when it is to be ascertained only by the requisitions which may be made by the recipients. In State v. Moore, the court also noted that: [T]o "appropriate" is to set apart from the public revenue a certain sum of money for a specified object, in such manner that the executive officers of the government are authorized to use that money, and no more, for that object and for no other. This definition cannot be too strict as applied to our own constitution containing the requirement that the appropriations must be specific. . . .
Your proposal would appear to be in contravention of these principles, since there would, in effect, be no specific appropriations for the various programs within the state agencies. This would in turn constitute an improper delegation of legislative authority to the agency directors to determine their own level of appropriations for the various programs within their agencies. We must therefore conclude that such an amendment would be unconstitutional.
Very truly yours,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General