The SANGAMON AND MORGAN RAILROAD COMPANY, Plaintiffs in Error, *v.* The COUNTY OF MORGAN and the TOWN OF JACKSONVILLE, Defendants in Error.

ERROR TO MORGAN.

A railroad track is real property. The jurisdiction of a county to levy a tax on this property, does not extend beyond the limits of the county.

With certain qualifications, personal property follows the residence of the owner, and is there taxable, if the owner resides within the State; and the property taxed, if temporarily absent, is nevertheless subject to taxation.

Where the owner of personal property is a corporation, such corporation will be considered to be in the State of its creation, and its residence where its principal office or place of business is.

That portion of a railroad which lies within a county, is taxable there, and the

valuation of the road must be of that specific part of it situated in such county, without reference to the value of the whole road.

The valuation and assessment of a railroad for purposes of taxation, should not be valuation of an undivided part, but by valuation of the portion confined to the limits of the county.

The valuation and assessment of a railroad and its property, for city purposes, must be governed by the same rules which govern counties.

THE agreed case filed in this court sets forth, that the railroad of the plaintiffs in error extends- from Naples to Springfield, fifty-five miles, and runs twenty-seven miles through the county of Morgan, and two miles through the corporate limits of the town of Jacksonville, and is of the value of $125,000, or rather has been so assessed for taxation for the year 1851, by the assessors of said county and town; the rolling stock on said railroad, consisting of locomotives, &c., as by inventory for that year, was of the value of $51,250, but for purposes of taxation, was assessed for that year, by said assessors, at $25,000, and the plaintiffs' claim as follows, to wit, the county of Morgan claims State and county taxes on 27.55ths of aforesaid items, of $125,000 and $25,000, amounting to the sum of, &c.; and the president and trustees of the town of Jacksonville claim corporation taxes on 2.55ths of aforesaid items, amounting to, &c. If the court decides that the rolling stock is taxable as aforesaid of right, then the defendants in error agree not to collect taxes on that for the year 1851, because it has all been taxed in the county of Sangamon for that year. The plaintiffs in error have a depot, engine-house, office, and agents at Naples, also a station office and agents at the town of Jacksonville, in the said county of Morgan; and also a depot, engine-house, machine shop, and office at Springfield, in Sangamon county, where the principal agent of the plaintiffs in error, in this State, resides, and manages and superintends the whole road, and makes financial reports and returns to the president of the company, who resides in the city of New York, where the plaintiffs in error keep their principal office and corporate seal. The question submitted to the court is, whether the aforesaid taxes have been rightfully assessed against the plaintiffs in error, and if not, then the collection of the same is to be stayed. It was further agreed, that at the machine shop in Springfield, all the locomotives and cars not in actual service are kept; they are there repaired when out of order, and the locomotives and cars are kept at Springfield or Naples at night, and stop at Jacksonville every day, on their respective trips from Springfield to Naples and back, and occasionally are left at Jacksonville, to be loaded ready for the locomotive.

Sangamon and Morgan Railroad Co. *v.* County of Morgan, &c.

Judge Woodson, at the March term, 1852, of the Scott Circuit Court, decided that the taxes were rightfully levied on the road and rolling stock. The railroad corporation brought the cause to this court.

S. T. Logan, for plaintiffs in error.

M. McConnel and D. A. Smith, for defendants in error.

Caton, J. The eighth section of the 86th chapter of Revised Statutes says, that " The county commissioners' court shall have the power to levy a tax in their respective counties, for county purposes," &c. The subjects of this tax are those specified in the previous portion of the chapter, and the same as those upon which the State tax is levied. But this tax must be levied within the county ; that is, upon property, real or personal, subject to taxation, which is situated or located within the county. It was not controverted on the argument, that the railroad track is real property, within the meaning of the second section of that chapter, which says, " The term real property, with respect to the assessment and collection of the revenue, shall be construed to include all lands within this State, and all buildings and other things erected on or affixed to the same, and the terms ' lands ' and ' lots,' whenever they occur in this chapter, shall be construed as having the same meaning as ' real property.' " The jurisdiction of the county to levy this tax does not extend beyond its own limits, so far as real estate is concerned, which must of necessity have a fixed and unchangeable locality. The same rule does not necessarily prevail as to personal property, which is transitory in its character, and need not be actually within the State even when the tax is levied, for it may be taxable " whether at home or abroad." We think, with certain qualifications, personal property follows the residence of the owner, and is there taxable. This is certainly true where the owner resides within the State, and the property is only temporarily absent from his residence, with the design of an immediate return. Thus, if a man keeping a livery-stable in Springfield, had a team absent on a journey in another State at the time the assessment was made, he would be bound to include that property in the schedule of taxable property, while the rule might be different if he had personal property permanently located in another State or another county. In this case the owner of the property is a corporation, the principal officers of which reside out of the State. The location or residence of the corporation must be considered to be in the State

Sangamon and Morgan Railroad Co. *v.* County of Morgan, &c.

by whose laws it was created; and that residence must be where its principal office or place of business is. It is not necessary to say whether there could be more than one such residence within the State. In Morgan county, the corporation had no such location. The principal office of the company is in Sangamon county, where its principal and managing agent resides, and where the personal property is kept when not in active service. In Morgan county it has no locality. It merely passes through the county along the road, and only stops there temporarily to receive and discharge freight and passengers. There, however, has been no attempt to tax any specified portion of the personal property, but an undivided portion of the whole. This, upon the argument, was attempted to be justified upon the assumption, that the rolling stock of the road was really a part of the road itself; and then upon the further assumption of the right to tax an undivided portion of the entire road. This road and the furniture do not constitute one entire estate, either real or personal. The furniture is personal property, and constituted no part of the road, which is real property. It is no more a part of the road, than is the furniture of a house a part of the house. A house and its furniture may be sold or leased together, but that does not change the character of the property of either. It may be true, as was said upon the argument, that the road would be of little value without rolling stock, and that the latter would be equally useless without the former. Their dependence on each other does not prove that both constitute but one thing. The furniture of the road may be removed from it and used elsewhere without injury to, or impairing the value of, the road itself. But if these two species of property constitute but one estate, why were they assessed separately? We have no doubt that the tax assessed in Morgan county upon the personal property of the company was improper. That portion of the road, however, which lies within Morgan county, was taxable there. But we think the mode of valuation was improper. Instead of valuing and assessing the twenty-seven miles of road which is situated in Morgan county, an undivided portion of the whole road was assessed and taxed. The valuation should have been of, and the assessment upon, that portion of the road which was situated in Morgan county. We cannot know, nor is it even probable, that each mile, or portion of the road, was of equal value. It is not probable that each portion of the road was equally profitable or productive. One portion of the road may be badly constructed, and another well constructed. One portion may have heavy grades and curves, and another portion be level and

straight. In some places, the land occupied by the road may be very valuable, while in other places it may be nearly value-less. All of these considerations, as well as its connection with the whole, must be taken into the account in ascertaining the value of any given portions of the road. But admitting that each portion of the road was of equal value, still the valuation should have been of that specific part which was situated within the county, and not of an undivided part of the whole road, portions of which are within two other counties. A farm, or a field, might be divided by a county line, but in such case, the valuation should not be of the whole farm or field, and the assessment made upon such valuation, in proportion to the quality situated in the county for which the tax is levied. Each county must assess and tax the real property within its limits, and no other.

All that has been said in relation to the county tax, is equally applicable to the tax levied by the corporation of the town of Jacksonville.

We are of opinion that neither tax was legally assessed, and that the judgment of the circuit court must be reversed.

*Judgment reversed.*