HIRAM W. W. BELL, PLAINTIFF IN ERROR, v. JOHN SHERER, DEFENDANT IN ERROR.

1. Pleading: PETITION. A defendant has the right to insist that all of the facts essential to the existence of a cause of action against him and in favor of the plaintiff be stated in the petition. Such is the rule of the code.

2. ———: ———: CONCLUSIONS. And this rule is not duly observed by simply stating conclusions, or ultimate facts, which should be left to inference from primary facts properly alleged.

3. ———: ———: WAIVER. But such non-observance of the rule may be waived, and is waived, by answering to the merits, and going to trial without objection.

4. Error: WEIGHT OF EVIDENCE. In a proceeding in error the finding of a trial court, upon conflicting evidence, will not be disturbed, when it is not manifest that injustice has been done. Evidence examined and rule applied.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

M. B. C. True, for plaintiff in error.

*Hastings & McGintie,* for defendant in error.

LAKE, CH. J.

This is a proceeding in error. The points relied on for obtaining a reversal of the judgment are two. *First.* That the finding and judgment are contrary to the evidence and law of the case. *Second.* That the petition states no cause of action.

The action was brought by the defendant in error to recover the possession of specific personal property, consisting of one reaper and mower, twenty-four acres of corn, and a stack of wheat, all of the value of one hundred dollars, which had been seized under an execution to satisfy a judgment against him. The ground upon which the right to recover was placed was the exempt character of the property, as shown by the averment "that each and all of the above described goods and chattels consists of articles which are, and were at the time of said levy, specified in the statute as absolutely exempt from levy or sale on execution; and this plaintiff was at the time of levying of said execution by said defendant on said goods and chattels, and now is, a resident of the state of Nebraska, and the head of a family, and actually engaged in the business of agriculture, and then claimed, and now claims, said property as exempt."

To this averment it is now for the first time objected that it deals with conclusions merely, giving no facts on which those conclusions must of necessity depend. For instance, it is alleged that the property in controversy "was exempt from execution," yet there are no facts from which it could be inferred that it really was so exempt. Had this objection been properly presented in the court below, probably it would have been sustained. But, being made for the first time here, although the averment that the property was exempt is but a conclusion, it having been so satisfactory that issue was taken

Bell v. Sherer.

upon it, by answering to the merits, it is now too late to urge it. A defendant has the right unquestionably to insist that all of the facts essential to the existence of a cause of action against him, and in favor of the plaintiff, be stated in the petition. The rule of the code upon this point requires: "A statement of the facts constituting the cause of action in ordinary and concise language, and without repetition." Sec. 92. And this rule is not duly observed by simply stating conclusions, or ultimate facts, which should be left to inference from primary facts properly alleged. But such non-observance of the rule may be waived, and is waived, by answering to the merits, and going to trial without objection.

As to the question of the sufficiency of the evidence to sustain the finding, there is no just cause of complaint. The only witnesses called were the parties themselves. According to the testimony of the defendant in error it may reasonably be inferred that he was entitled to hold the whole of the property levied upon as exempt. He swore that he was a resident of this state, the head of a family and engaged in agriculture; that the whole of his personal property, besides household furniture, consisted of an old reaper worth about ten dollars, two horses and harness, a cultivator, plow, harrow, wagon, one cow, two hogs, and some two dozen pigs about three months old, twenty bushels of wheat, ten or twelve bushels of potatoes, and oats and corn sufficient only for food for his stock for about three months. His testimony is somewhat indefinite, but this is its fair import, and we think it brings his case fairly within the letter and spirit of the statute.

Opposed to this there is the testimony of the plaintiff in error, which, however, is confined solely to the quantity of grain owned by Sherer at the time of the levy. He makes no mention of any other property. His statements likewise are quite indefinite and unsatisfactory.

He says: "I examined that corn. * * * Sherer told me there was from twenty to twenty-four acres in the piece on which I levied. The character of the corn was, I considered, better than the average that year. * * * I should judge there would be an average yield of from thirty to thirty-three bushels per acre. * * * I left Sherer a strip of corn running east from his house, I should think from four to six acres, the average was as good as the average in the field. * * * He had a stack of oats, two stacks of oats, and a stack of wheat, and I believe one or two ricks of wheat. It was in ricks; it was stacked loosely. The oats I think were very fair, they were stacked well, and lay well. There was one side of one of the stacks had the appearance of being sprouted. They were not large stacks; they were small stacks. I think they would average sixty to eighty bushels to the stack."

In addition to what we have just quoted, which is the substance of the testimony of this witness, there was introduced a written list of property served by Sherer upon Bell, at the time of the levy, with a view of having his exemptions determined under sections 521, 522, and 523 of the code. It is true that the quantity of grain mentioned in this list is somewhat larger than that testified to by Sherer upon the witness stand, but then it was based upon a mere estimate made before the wheat and oats were thrashed, or the corn harvested, while his testimony was given afterwards, and when he had the means of knowing pretty nearly the actual quantity. In other respects the list does not differ materially from his oral testimony.

Such being the testimony and showing on which the court below had to pass, we do not think there is any reasonable ground for saying that injustice has been done. At any rate it is not manifest that such is the case, and therefore the judgment must be affirmed.

JUDGMENT AFFIRMED.