## COMMONWEALTH v. AMER. DREDGING CO.

ERROR TO THE COURT OF COMMON PLEAS OF DAUPHIN
COUNTY.

Argued June 1, 1888—Decided October 1, 1888.

1. A corporation is not liable to taxation in this state upon so much of its capital stock as is represented by real estate situated, or by personal property of a corporeal nature ordinarily kept, in another state.
2. The rule, however, as to its vessels engaged in foreign or inter-state commerce, is that their situs for the purpose of taxation is their home port of registration.
3. But, its unregistered vessels, not permanently located, in one place to-day and in another to-morrow, have their situs for taxation in this state, the domicil of their owner.

Before GORDON, C. J., PAXSON, STERRETT, CLARK and WILLIAMS, JJ.; TRUNKEY and GREEN, JJ., absent.

No. 38 May Term 1888, Sup. Ct.; court below, No. 487 June Term 1887, C. P.

In 1887, the American Dredging Company appealed to the court below from the settlement by the auditor general and state treasurer, on December 15, 1886, of taxes claimed to be due on its capital stock, under the act of June 7, 1879, P. L. 112. The objections filed averred that a tax of $1,485 was charged upon property of the company which had no situs within the jurisdiction of the commonwealth.

At the trial of the cause which was without a jury, under the act of April 22, 1874, P. L. 109, and was submitted without argument and without points presented on either side, the court, McPHERSON, J., found the following facts:

1. The defendant is a corporation of this commonwealth, chartered by the act of April 9, 1867, P. L. 956, with power " to own, construct, operate and dispose of dredging machines, steam tugs, lighters, machinery and appliances for improvement of harbors, channels, docks and water-courses." Under this act and a supplement of March 28, 1873, P. L. 446, its capital stock for the tax year ending the first Monday of November, 1886, was $495,000.

2. During this year $232,803.22 of its capital stock was invested in land and buildings situate in the state of New Jersey; $92,000 thereof was invested in four dredges, which were built outside of the state of Pennsylvania, three of which have never been within the limits of the state, and the fourth of which had never been within its limits until after the end of the said year; $6,000 thereof was invested in a tug which was built outside of Pennsylvania, and was not within its limits during the said year; and $38,500 thereof was invested in eleven scows which were built outside of Pennsylvania, and have never been within its limits. During the said year, the said real estate and other property were all employed for corporate purposes in the states of New Jersey, Maryland and Virginia.

3. During the year in question, the defendant declared two dividends, each of three per cent, upon $495,000, and this settlement taxes the whole capital stock under the act of 1879, section 4, at the rate of one half mill for each one per cent of dividend.

Upon these facts the conclusion of law was as follows:

[It has been decided in Commonwealth v. Pennsylvania Coal Company, 5 Pa. C. C. R. 90, note, that so much of the tangible property of a domestic corporation as is situate in other states, and there employed in its corporate business, is not taxable by this commonwealth.] [1] We, therefore, hold that the commonwealth can only recover tax upon $125,696.78 of the defendant's capital stock. The amount due is as follows:

| | |
|---|---:|
| 3 mills upon $125,696.78, . . . . . | $377 09 |
| Interest from February 13, 1887, to May 10, 1888, . | 56 12 |
| Attorney General's commission, . . . . | 18 85 |
| | $452 06 |

For which sum we direct judgment to be entered if exceptions are not filed according to law.

To this decision, the commonwealth filed exceptions, which were overruled in the following opinion and decree, McPHERSON, J.:

The commonwealth's exceptions are based upon the proposition that the situs of a vessel for purposes of taxation is the port where it is registered, and in support of this view we are referred to Hayes v. Pacific Mail S. Co., 17 How. 596, and Morgan v. Parham, 16 Wall. 471. These cases consider the act of congress of 1792 as it affects steamships engaged in commerce between the states, and are manifestly dealing with a different subject from that now before us. They decide that a steamship owned and registered in New York and engaged in carrying freight and passengers between New York and other states, or between ports in other states, may not be taxed by such other states, and rest their reasoning upon the act of Congress and the commercial clause of the federal constitution. No such state of facts is now presented. The scows and dredges in question are not engaged in commerce and are not among the ships or vessels required to be registered by the act of 1792. They, and the tug which moves them, are merely tools, and like other personal property may at one time be used within the state, and may at another be used beyond its limits. We can see no difference in principle between the case in hand and those to be found in the note to 5 Pa. C. C. R., 90. The question would be the same if the defendant's business were to excavate upon land and not under water. The scoops and shovels in the former would correspond to the scows and dredges in the latter, for all these implements are simply means by which excavation is done, and it would seem clear under the authorities just referred to, that the capital stock of an excavation company, representing that part of its plant employed for example in Iowa, would not be taxable in this commonwealth. The fact that scows and dredges must be moved and used upon the water, does not change their character as tools or make them "ships or vessels" within the act of 1792.

Exception overruled, and judgment directed in accordance with the opinion previously filed.

Thereupon the commonwealth took this writ, specifying that the court erred:

1. In the conclusion of law marked.[1]

2. In not holding that $92,000 of the capital stock of the defendant company, invested in four dredges, $6,000 thereof invested in a tug, and $38,500 thereof invested in eleven scows, employed by the company for its corporate purposes, were taxable by the state of Pennsylvania, although the property mentioned was not actually within her borders during the taxing year.

3. In not holding, as matter of law, that the situs of the said vessels, for the purpose of taxation of capital stock invested therein, was within the state of Pennsylvania.

*Mr. John F. Sanderson, Deputy Attorney General* (with him *Mr. W. S. Kirkpatrick, Attorney General*), for the plaintiff in error:

The only question in the case is, whether the steam tug, dredges and scows, used by the defendant corporation in its corporate business, outside of Pennsylvania, have or have not a situs for the taxation of its capital stock invested therein, within the state.

1. The ordinary rule as to the situs of tangible personal property for purposes of taxation is not applied to vessels. Their situs for the purpose of taxation is their home port of registry, or, if unregistered, the residence of their owner. This distinction is pointed out in Pullman Pal. Car. Co. v. Twombly, 29 Fed. R. 66; Hayes v. Pacific Mail Steamship Co., 17 How. 596; Morgan v. Parham, 16 Wall. 471; Perry v. Terrence, 8 Ohio 52; Pomeroy Salt Co. v. Davis, 21 Ohio 523; People v. Commissioners of Taxes, 64 N. Y. 541.

2. Where vessels are owned by a corporation, the residence of the corporation is their home port, and there they are taxable, notwithstanding the corporation may have its office in another state: St. Louis v. The Ferry Co., 11 Wall. 431; Transportation Co. v. Wheeling, 99 U. S. 273; Middleton Ferry Co. v. Middleton, 40 Conn. 65; Felton v. Transportation Co., 37 Ohio 450; Pacific Mail Steamship Co. v. Commissioners, 47 How. Pr. 164; Same v. Same, 52 N. Y. 242; White v. Commissioners, 23 N. Y. 224: St. Louis v. Saville, 39 Mo. 460; Guenther v. Baltimore, 55 Md. 457.

*Mr. Lyman D. Gilbert* (with him *Mr. John H. Weiss* and *Mr. J. Warren Coulston*), for the defendant in error:

The question presented is, whether the capital stock of this company invested in tangible personal property which has its situs outside the state, is taxable under our laws.

1. "The power of taxation, however vast in its character and searching in its extent, is necessarily limited to subjects within the jurisdiction of the state. These subjects are persons, property and business:" State Tax on Foreign Held Bonds, 15 Wall. 300. In Commonwealth v. Standard Oil Co., 101 Pa. 119, the taxing power of this commonwealth was examined with extreme care and its extent was limited to property within the limits of the state. The same conclusion was announced in Commonwealth v. Zinc Mining Co., 5 Pa. C. C. R. 89; Commonwealth v. Coal Co., 5 Pa. C. C. R. 90. The character of the property does not affect the taxing principle, provided it be of a tangible character with a foreign situs: Ror. Int.-St. Law, ed. 1879, 204; 1 Potter on Corporations, §§ 189, 190.

2. A number of cases appear upon the brief of the commonwealth, which refer to the law taxing "vessels" engaged in inter-state or foreign commerce. The principle they announce is not disputed, but it is without application; each case presents the fact of a vessel registered under the act of congress of 1792, which declares that the port of registration shall be the home port fixing the situs of the registered vessel: Morgan v. Parham, 16 Wall. 471.

OPINION, MR. JUSTICE PAXSON:

The court below correctly held that the defendant company was not liable to taxation upon so much of its capital stock as was represented by lands and buildings situate in the state of New Jersey; but we are of opinion that the learned judge erred in his ruling that the $92,000 of said stock represented by the four dredges, the tug-boat, and the eleven scows, conceding that they, or at least a portion of them, were built outside of this state, and have never been within it, were not liable to taxation. This is not because of the technical principle that the situs of personal property is where the domicil of the owner is found. This rule is doubtless true as to intangi-

ble property such as bonds, mortgages, and other evidences of debt. But the better opinion seems to be that it does not hold in the case of visible tangible personal property permanently located in another state. In such cases, it is taxable within the jurisdiction where found and is exempt at the domicil of the owner. Goods and chattels, horses, cattle, and other movable property of a visible or tangible character are liable to taxation in the jurisdiction of the state wherein the same are, and are ordinarily kept, irrespective of the residence or domicil of the owner. Legal protection and taxation are reciprocal, so that such personal property and effects of a corporeal nature, or that may be handled and removed, as receive the protection of the law are liable to be taxed by the law where they are thus protected: Rorer on Inter-state Law, 204, and cases there cited; Potter on Corporations, §§ 189, 190; Pierce on Railroads, 472. No fault is found with this principle, but does it apply to the facts of this case?

It must be conceded that the property in question must be liable to taxation in some jurisdiction. If it were permanently located in another state, it would be liable to taxation there. But the facts show that it is not permanently located out of the state. From the nature of the business, it is in one place to-day and in another to-morrow, and, hence, not taxable in the jurisdiction where temporarily employed. It follows that if not taxable here, it escapes altogether. The rule as to vessels engaged in foreign or inter-state commerce is that their situs for the purpose of taxation is their home port of registry, or the residence of their owner, if unregistered: Pullman Palace Car Co., 29 Fed. Rep. 66; Hays v. Pacific Mail Steamship Co., 17 How. 596. These vessels, if they may be so called, were not registered. Hence, their situs for taxation is the domicil of the owners. This rule must prevail in the absence of anything to show that they are so permanently located in another state as to be liable to taxation under the laws of that state.

Judgment reversed, and a procedendo awarded.