CAPITAL CONSTRUCTION COMPANY, Appellant, v. CITY OF DES MOINES et al., Appellees.

No. 40642.

MARCH 17, 1931.

*Slipp, Perry, Bannister & Starzinger,* for appellant.

*Carl Missildine, Alex Miller, Charles Hutchinson, F. T. Van Liew,* and *C. A. Weaver,* for appellees.

ALBERT, J.—Plaintiff is a corporation for pecuniary profit, organized under the laws of the state of Iowa, with its principal place of business in Des Moines, Polk County, Iowa. Its business is the "manufacture of roads, pavements, and bridges," and in connection therewith, it owns and uses certain machinery and equipment, such as cement mixers, graders, conveying equipment, etc. The assessor of the city of Des Moines returned on his assessment roll an item of $14,000 against the plaintiff. This assessment roll purported to assess the property of said company as of January 1, 1929.

The claim of the plaintiff is that this item cannot be the basis of assessment in the assessment district of the city of Des Moines, and is void and uncollectible, and the assessor had no right, jurisdiction, or authority to assess the same; because said machinery and equipment were never in Polk County, Iowa, and on January 1, 1929, and for six months prior to said date, said machinery was in Henderson County, Illinois, being used in connection with the business of said company in making and constructing concrete roadways.

We are furnished with a very able brief and argument on the first question raised in this case: to wit, that the state of Iowa

 had no jurisdiction to tax tangible personal property located in other states. For the purposes of this case, we accept such statement as a correct statement of the law; but with the application of this doctrine to the fact situation in this case, we do not agree.

In 1928, plaintiff was engaged in constructing a concrete pavement in the counties of Jackson and Clinton in this state, and about July 1st of that year, having obtained a contract for pavement in the state of Illinois, shipped this machinery to Henderson County in that state, where it was kept until about July, 1929. The evidence shows that the moving of this machinery to the state of Illinois was for the temporary purpose of completing a contract for pavement, and upon completion of the same, the machinery was returned to Iowa for another job, near Creston, in Union County. The absence of the machinery from the state of Iowa, therefore, was only temporary, and not of a permanent nature. This being true, the contention of the appellant as to taxing tangible property located in another state has no application. Were the rule otherwise, the owner of tangible personal property could move it beyond the limits of the state prior to January first of any year, and shortly thereafter return it within the state, and thus avoid taxation thereon.

Under the general rule universally recognized, not only in this state but elsewhere, tangible personal property belonging to a corporation is assessed in the assessment district of the principal place of business of said corporation, unless otherwise provided by law. We have in this state, however, Section 6963, Code, 1927, which provides for an exception to this rule, as follows:

"* * * except that, if personal property not consisting of moneys, credits, corporation or other shares of stock, or bonds, has been kept in another assessment district during the greater part of the year preceding the first of January, * * * it shall be taxed where it has been so kept."

The appellant insists that, under this exception, this property was not taxable in Polk County. With this contention we disagree. Having asserted that this taxation was wrongful in

 the taxing district of the city of Des Moines because the property was kept in another assessment district during the greater part of the year preceding the first of January, 1929, the burden of proof was on the appellant to prove its claim. We turn, therefore, to the evidence introduced by appellant to show that it came within this exception.

The president of the plaintiff company testified that the machinery was never in Polk County during the time the company owned it; that the usual method was to move it from one contract job to another, at no time returning the same within the confines of Polk County, Iowa. The company had a contract for concrete paving in Jackson and Clinton Counties in Iowa, which are contiguous. In July, 1928, the company worked entirely in Jackson County. Before 1928, they were paving in Clinton County, and moved the machinery along from one county to the other, as the paving required; and sometime in July, 1928, it was moved to Illinois, as above stated. The witness conceded that the company had never paid taxes on this machinery at any place, either in this state or in Illinois. After finishing the Illinois contract, plaintiff had another contract, for building 12 miles of road east and west of the city of Creston, and the machinery was moved to Creston in July, 1929, where it is now (the time of the trial), and it has ever since remained in that vicinity.

There is no showing that this machinery was in any particular taxing district of this state (or even in the state of Illinois) during the greater part of the year preceding the first of January, 1929. Having failed to so prove by a preponderance of the evidence, the plaintiff has failed to bring itself within the exception of the statute above set out, and the conclusion necessarily follows that this property was properly taxed against the plaintiff in the assessment district of the city of Des Moines.—*Affirmed.*

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.