RAY AINSWORTH ET AL., APPELLEES, V. COUNTY OF
FILLMORE ET AL., APPELLANTS.

90 N. W. 2d 360

Filed June 6, 1958. No. 34372.

*Clarence S. Beck*, Attorney General, *Homer G. Hamilton*, and *John C. Gewacke*, for appellants.

*Keenan & Corbitt*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity wherein Ray Ainsworth

and 67 others, all of whom are residents and taxpayers, as plaintiffs, appellees here, by petition instituted this action in the district court for Fillmore County, Nebraska, against the County of Fillmore and Bert A. Lynn, treasurer of that county, defendants, appellants here, to enjoin the collection of a tax levied on wheat added to their tax schedules respectively which was grown by the plaintiffs in 1956 but which it was alleged was outside the State of Nebraska on March 1, 1957, and on account thereof the tax levied thereon was void and uncollectible. The paragraphs of the petition containing the allegations as to ownership, production, and situs of the wheat are the following:

"That the Defendant, the County of Fillmore, through its Board of Equalization and its Assessor, has added to each of the tax schedules of the Plaintiffs for the year 1957, certain wheat which was grown in 1956 but which wheat was outside the State of Nebraska on March 1, 1957."

"That said wheat being outside the State of Nebraska on March 1, 1957 is not taxable within the State of Nebraska or the County of Fillmore and the tax sought to be levied upon the same by the Defendants is void and uncollectable."

To the petition the defendants filed a general demurrer. The demurrer was overruled and the defendants elected to stand thereon and refused to plead further. A decree was thereupon rendered granting the injunctive relief prayed by the plaintiffs. From the decree the defendants have appealed.

The theory of the demurrer and also of the appeal is that the petition failed to state facts sufficient upon which to base a decree for the relief prayed by the plaintiffs; or in other words, the petition did not state a cause of action.

The general rule, about which there is no longer room for dispute, with regard to the office of a general demurrer is the following: "A general demurrer admits

all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact." In re Estate of Halstead, 154 Neb. 31, 46 N. W. 2d 779. See, also, Freeman v. Elder, 158 Neb. 364, 63 N. W. 2d 327; Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d 717; Boettcher v. County of Holt, 163 Neb. 231, 79 N. W. 2d 183.

The defendants urge that within the meaning of this rule the petition fails for two reasons to state a cause of action. One of these is, as we interpret, that, assuming the impropriety of the alleged addition of the wheat to the assessment rolls, injunction is not available for the reason that the plaintiffs had available to them a statutory remedy for the correction of the assessments.

If it be assumed that the tax assessed against the added grain was void, an action to enjoin its collection was available to the plaintiffs, notwithstanding an available statutory remedy, if there was one, which could have been employed for protection. In Offutt Housing Co. v. County of Sarpy, 160 Neb. 320, 70 N. W. 2d 382, affirmed 351 U. S. 253, 76 S. Ct. 814, 100 L. Ed. 1151, it was said: "The levy, assessment, and collection of taxes which are demonstrably void for want of jurisdiction or authority to impose the same may be enjoined." See, also, Earl v. Duras, 13 Neb. 234, 13 N. W. 206; Burlington & M. R. R. Co. v. Cass County, 16 Neb. 136, 19 N. W. 700; Touzalin v. City of Omaha, 25 Neb. 817, 41 N. W. 796; Bellevue Improvement Co. v. Village of Bellevue, 39 Neb. 876, 58 N. W. 446.

Accordingly if the plaintiffs have otherwise sufficiently pleaded that this added wheat was nontaxable in Fillmore County, Nebraska, this first proposition advanced by the defendants must be rejected.

The second reason why the defendants assert that the petition is vulnerable to general demurrer is that the facts stated, if proved to be true, would not under law render this wheat nontaxable in Fillmore County, Ne-

braska. At this point it should be said that in 1957 the date for the taxation of wheat was March 1. § 77-1201, R. R. S. 1943, as amended by Laws 1955, c. 288, § 10, p. 906.

As is observable from the petition it is not alleged that the plaintiffs were not residents of the State of Nebraska on March 1, 1957. It is not alleged that the wheat had acquired a permanent situs in some other state on March 1, 1957. It is not alleged that the ownership was not the same on March 1, 1957, as when produced in 1956, or that it was not owned on March 1, 1957, by the plaintiffs respectively. The implication of which the petition and the brief of plaintiffs is capable is that the wheat was on March 1, 1957, the property of the plaintiffs and that on that date the plaintiffs were residents of Fillmore County, Nebraska.

In order to have rendered this wheat nontaxable in Nebraska on March 1, 1957, it must not only have been on that date without the jurisdiction but also the situs must have had the character of permanency.

The rule is stated as follows in 51 Am. Jur., Taxation, § 457, p. 470, as follows: "The domicil of the owner is the taxable situs assigned to tangibles where an actual situs has not been acquired elsewhere. That state is the situs for the purposes of taxation of tangible personal property temporarily in another state, but not permanently located there."

This rule is discussed at length with approval in Brock & Co. v. Board of Supervisors, 8 Cal. 2d 286, 65 P. 2d 791, 110 A. L. R. 700. Other cases which hold to the same effect are the following: Sangamon & Morgan R. R. Co. v. County of Morgan, 14 Ill. 163, 56 Am. Dec. 497; Commonwealth v. R. G. Dun & Co., 126 Ky. 108, 102 S. W. 859, 10 L. R. A. N. S. 920; Reeves v. Island Creek Fuel & Trans. Co., 313 Ky. 400, 230 S. W. 2d 924; Johnson Oil Refining Co. v. State ex rel. Templeton, 172 Okl. 552, 46 P. 2d 546; Commonwealth v. American Dredging Co., 122 Pa. 386, 15 A. 443, 9 Am. S.

R. 116, 1 L. R. A. 237; Smith v. Ajax Pipe Line Co., 87 F. 2d 567; Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194, 26 S. Ct. 36, 50 L. Ed. 150; State ex rel. New York Central & Hudson River R. R. Co. v. Miller, 202 U. S. 584, 26 S. Ct. 714, 50 L. Ed. 1155; Southern Pacific Co. v. Commonwealth of Kentucky, 222 U. S. 63, 32 S. Ct. 13, 56 L. Ed. 96; Johnson Oil Refining Co. v. Oklahoma, 290 U. S. 158, 54 S. Ct. 152, 78 L. Ed. 238; Wheeling Steel Corp. v. Fox, 298 U. S. 193, 56 S. Ct. 773, 80 L. Ed. 1143.

Under this rule, as is pointed out by the cases which have been cited, on the trial of a case, unless the property has acquired a permanent situs in the state where it is located, it becomes the duty of the court to adjudicate unfavorably to a contention that tangible property outside the state of the residence of the owner is not taxable to the owner in the state of his residence.

In this light it becomes necessary to say that permanent situs outside the State of Nebraska on March 1, 1957, was a fact essential to the right of plaintiffs to the relief prayed in this action. This essential fact has not been pleaded directly or by reasonable inference in the petition. The allegation of this fact was essential to the statement of a good cause of action. The decisions of this court from early times down to the present make this clear.

In Bell v. Sherer, 12 Neb. 409, 11 N. W. 861, it was said: "A defendant has the right to insist that all of the facts essential to the existence of a cause of action against him and in favor of the plaintiff be stated in the petition. Such is the rule of the code."

In State ex rel. Beck v. Associates Discount Corp., 162 Neb. 683, 77 N. W. 2d 215, it was said: "Under the code system of pleading, it is not necessary for plaintiff to state a cause of action in any particular form. The facts are to be stated. All that the law requires is that there shall be a cause of action."

The plaintiffs have insisted aDruendo that the question

of whether or not this property was taxable in Fillmore County, Nebraska, in view of the allegation that it was outside the State of Nebraska, was a matter of defense to be asserted by the defendants. The true rule is that the burden was on the plaintiffs to sustain or in other words to plead and to prove the right to the relief prayed against the defendants. Fitzsimons v. Frey, 153 Neb. 124, 43 N. W. 2d 531; Lincoln v. Knudsen, 163 Neb. 390, 79 N. W. 2d 716. This is especially true under the general rules in instances where a tax is being attacked.

In 51 Am. Jur., Taxation, § 655, p. 620, it is said: "All presumptions are in favor of the correctness of tax assessments. The good faith of tax assessors and the validity of their actions are presumed."

In 51 Am. Jur., Taxation, § 765, p. 696, it is said: "Questions as to presumptions and burden of proof in proceedings for the abatement of a tax assessment represent, for the most part, specific applications of the broad principle that all presumptions are in favor of the correctness of tax assessments. Thus, one claiming an abatement of taxes has the burden of showing his right thereto."

Again in 51 Am. Jur., Taxation, § 1252, p. 1066, it is said: "There are certain presumptions that are particularly applicable to taxation litigation. Thus, taxes are presumed to be just and legal and the burden rests upon one assailing the tax to show its invalidity."

This general rule obtains in this jurisdiction. In K-K Appliance Co. v. Board of Equalization, 165 Neb. 547, 86 N. W. 2d 381, it is said: "Ordinarily the valuation of a county assessor for tax purposes will be presumed to be correct. The burden of proof rests upon the taxpayer to prove that an assessment is excessive." See, also, Weller v. Valley County, 141 Neb. 69, 2 N. W. 2d 606; Watson Industries v. County of Dodge, 159 Neb. 311, 66 N. W. 2d 589.

In the light of what has been said herein the relief prayed by plaintiffs could not be granted to them on

proof of the facts alleged in the petition. Also no intendments or presumptions appear which are in aid of the allegations. It must be said therefore that the petition did not state a cause of action. Therefore the court erred in overruling the general demurrer of the defendants and in rendering its judgment in favor of the plaintiffs.

The judgment of the district court is reversed and the cause remanded with directions to sustain the demurrer and for further proceedings.

REVERSED AND REMANDED WITH DIRECTIONS.