ACE CONSTRUCTION COMPANY, APPELLANT, V. BOARD OF EQUALIZATION OF DOUGLAS COUNTY, NEBRASKA, APPELLEE.

98 N. W. 2d 367

Filed October 9, 1959. No. 34555.

*Morgan, Carnazzo & Todero,* for appellant.

*Eugene F. Fitzgerald, John J. Hanley,* and *John C. Burke,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This appeal contests the correctness of an adjudication of the district court for Douglas County sustaining the conclusion of the county board of equalization which determined the valuation of the tangible personal property of appellant for taxation purposes.

The basic value of the tangible personal property of appellant in Douglas County as exhibited by the 1956 schedule made and filed by it with the assessor of the county was $12,800. The assessor increased the value thereof to $55,000. The complaint of appellant made to the county board of equalization complained only that the valuation as fixed by the assessor was excessive and it asked the board to review and correct it. The board of equalization denied the complaint and sustained the valuation of the property as determined by the assessor. The petition of appellant on appeal to the district court stated that the valuation of its property as determined by the county assessor and the board of equalization was arbitrary and excessive and that appellant was found to be the owner of property which did not exist and property which was not owned by it in Douglas County or the State of Nebraska. Appellee denied the statements of the petition.

The district court found that appellant on March 1, 1956, owned personal property located outside of Douglas County of a value in excess of the value assessed by the taxing officials of that county; that appellant failed to sustain its burden by legal evidence that the property owned by it which was without the State of Nebraska had acquired a permanent situs in any other state as of March 1, 1956; and that Nebraska was the domicile of the owner of the property and it then had a taxable situs in Nebraska. The order of the board of equalization from which the appeal was taken was sustained by the district court. This appeal is from that adjudication.

The entire evidence was produced at the trial by

appellant. Appellant, a domestic corporation with its general office and place of business in Omaha, Douglas County, Nebraska, from which it directed all of its operations, was at the times important to this litigation engaged in the business of a general contractor but its engagements consisted principally of earth-moving operations. Appellant owned and had at its place of business office furniture, fixtures, and supplies appropriate for conducting the affairs of the corporation. Appellant owned other equipment suitable for conducting its operations consisting generally of tools, tractors, machinery, and other like appropriate items. This property, referred to herein as equipment, was used in its engagements in different states outside of Nebraska in the construction of projects for which it was engaged. As each project was completed, the equipment was then moved to another location in the same or another state. The equipment, the occasion of this litigation, had been used in other states and had not been in Douglas County or the State of Nebraska since 1954. It had been assessed for taxes by and the taxes levied thereon had been paid to South Dakota and Iowa in the years 1957 and 1958, respectively. The record is silent as to any assessment of the equipment for taxes outside of Nebraska in the year 1956. The cost of the equipment owned by appellant on March 1, 1956, was $219,757.70 and its book value on that date was $156,850. There is in the record no direct evidence as to the fair market or actual value of the equipment on that date. The equipment was all actually located and used in the business of appellant in states other than Nebraska in the year 1956.

The deficiency in the case of appellant is that there is no allegation made in its complaint to the board of equalization or in its petition in the district court, nor is there any evidence in the record, that any of the tangible personal property of appellant had on March 1, 1956, acquired a permanent situs in any state other than

the State of Nebraska. The presumption is that when an officer or an assessing body values property for assessment purposes, he or it acts fairly and impartially and the burden is on the property owner to establish that the assessment of the property is improper or excessive. Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489; Lucas v. Board of Equalization, 165 Neb. 315, 85 N. W. 2d 638; K-K Appliance Co. v. Board of Equalization, 165 Neb. 547, 86 N. W. 2d 381; Ainsworth v. County of Fillmore, 166 Neb. 779, 90 N. W. 2d 360.

Tangible personal property, in the absence of statute and anything to show that it has acquired an actual situs elsewhere, has its situs at the domicile of the owner. Tangible personal property may not be taxed in a taxing area other than that of the domicile of the owner unless it has acquired a local or permanent location in that area and not a transient or temporary one, and the taxing area of the domicile of the owner remains the permanent situs for tax purposes notwithstanding occasional excursions of the property to foreign parts. Permanency of tangible personal property in a taxing area is determined by the ownership and use for which the property is designed and does not embrace the idea of a forever-fixed location or the thought that the owner bringing personal property in the area has no present intention of ever removing it; but it excludes the idea of mobile personal property which happens to be in the taxing area at the moment of the assessment of property which, for some definite purpose of the owner, has come to rest within the area for a limited time.

Ainsworth v. County of Fillmore, *supra*, declares: "The domicile of the owner is the taxable situs assigned to tangibles where an actual situs has not been acquired elsewhere. * * * The state which is the domicile of the owner of tangibles is the situs of tangible personal property temporarily in another state but not permanently located there." It is said in the opinion

in that case: "In order to have rendered this wheat nontaxable in Nebraska on March 1, 1957, it must not only have been on that date without the jurisdiction but also the situs must have had the character of permanency. * * * Under this rule * * * unless the property has acquired a permanent situs in the state where it is located, it becomes the duty of the court to adjudicate unfavorably to a contention that tangible property outside the state of the residence of the owner is not taxable to the owner in the state of his residence. * * * In this light it becomes necessary to say that permanent situs outside the State of Nebraska on March 1, 1957, was a fact essential to the right of plaintiffs to the relief prayed in this action. This essential fact has not been pleaded directly or by reasonable inference in the petition. The allegation of this fact was essential to the statement of a good cause of action."

Capital Construction Co. v. City of Des Moines, 211 Iowa 1228, 235 N. W. 476, states: "The evidence shows that the moving of this machinery to the state of Illinois was for the temporary purpose of completing a contract for pavement * * *. The absence of the machinery from the state of Iowa, therefore, was only temporary, and not of a permanent nature. This being true, the contention of the appellant as to taxing tangible property located in another state has no application. Were the rule otherwise, the owner of tangible personal property could move it beyond the limits of the state prior to January first of any year, and shortly thereafter return it within the state, and thus avoid taxation thereon. * * * Under the general rule universally recognized, not only in this state but elsewhere, tangible personal property belonging to a corporation is assessed in the assessment district of the principal place of business of said corporation, unless otherwise provided by law." See, also, George M. Brewster & Son, Inc. v. Borough of Bogota, 20 N. J. Super. 487, 90 A. 2d 58; Brock & Co. v. Board of Super-

visors, 8 Cal. 2d 286, 65 P. 2d 791, 110 A. L. R. 700; Annotation, 110 A. L. R. 707.

The judgment of the district court should be and it is affirmed.

AFFIRMED.