**N. L. NEWTON, Appellant,**

**v.**

**HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 11028.**

Court of Civil Appeals of Texas.

Austin.

Oct. 24, 1962.

E. D. Forbes, Dallas, for appellant.

C. L. Chance, Austin, for appellee.

RICHARDS, Justice.

Highland Park Independent School District, appellee, brought suit in County Court at Law No. 1 of Dallas County, Texas, against N. L. Newton, appellant, for the recovery of delinquent taxes, penalties and interest on personal property owned by appellant located within the limits of the School District. The trial was had before the Court without a jury and judgment was rendered for appellee as prayed for. On motion of appellant the Trial Court filed findings of fact and conclusions of law.

From the adverse judgment appellant has perfected this appeal based upon six points of error as follows: The error of the Trial Court in finding as a fact (1) that appellee is a legally qualified and municipal taxing authority situated in Dallas County, Texas, which made a proper prima facie case by introducing certified copies of the appropriate tax rolls and delinquent tax records; (2) that taxes were assessed against appellant by appellee's Tax Assessor-Collector on personal property owned by him which was situated within the School District; (3) that the taxes so assessed were delinquent; (4) that appellant did not render any of the property for taxation as required by law for any of the years 1942 through 1958, inclusive; (5) that such taxes, penalties and interest are due and owing by appellant and that no part thereof has been paid; and (6) that the Trial Court erred in not complying with appellant's request for additional findings of fact.

Appellant's defenses to the suit are based upon (1) non-ownership of a 1950 Pontiac automobile, the taxes upon which were assessed against him for the years 1951 and 1952; (2) failure of appellee to allow credit for the $250.00 exemption on personal property under Art. 7150, Sec. 11, Vernon's Civil Statutes, and (3) the alleged payment of the taxes sued for except the taxes on the 1950 Pontiac automobile and the taxes on a 1949 Oldsmobile for the years 1950 through 1952, non-payment of which was admitted by appellant.

The Trial Court found as a fact that the appellee is a legally qualified and municipal taxing authority situated in Dallas County, Texas and had made a proper prima facie case by introducing certified copies of its appropriate delinquent tax records which revealed that taxes were assessed by appellee's Tax Assessor-Collector against personal property owned by appellant which was situated within the School District for the years 1942 to 1958, inclusive, which taxes, together with penalties and interest aggregated $208.79, and that the assessment made by appellee's Tax Assessor-Collector was duly approved by appellee's Board of Equalization after hearing and considering evidence bearing on the value of each item so assessed.

The Trial Court further found as a fact that appellant did not render any of the property for taxation as required by law for any of the years 1942 through 1958 and that the amount of taxes due upon such

property as shown by the delinquent tax records were computed after allowance of the statutory exemption provided in Art. 7150, Sec. 11, V.C.S., and that such taxes were due and owing by appellant but no part of the same have been paid.

Appellant contends under his first point of error that there is no evidence or at least insufficient evidence to support the finding that appellee is a legally qualified and existing municipal taxing authority and made a prima facie case by introducing certified copies of its tax rolls and delinquent tax records.

By the introduction of certified copies of appellee's appropriate delinquent tax records, a presumption was raised that there was a valid levy and assessment of the taxes in question made by a legally constituted taxing authority and that all conditions precedent to such assessment and levy had been performed. Art. 7326, V.C.S.; Art. 7328.1, Sec. 6, V.C.S.; State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 572; Stone v. City of Dallas, Tex.Civ. App., 244 S.W.2d 937, 943, error dism. Appellant's first point of error is overruled.

For his second point of error appellant asserts that the Trial Court erred in finding that he was the owner of the 1950 Pontiac automobile on which taxes were assessed by appellee for the years 1951 and 1952. Appellant properly pleaded his defense of non-ownership of the Pontiac automobile under the provisions of Art. 7329(1), V.C.S., thereby assuming the burden of proof of such defense in rebuttal of the prima facie case made by appellee. The only evidence offered by appellant in his behalf was his uncorroborated testimony that from 1949 through 1958 he only owned one automobile, a 1949 Oldsmobile, which was wrecked in December, 1951, and thereafter he had not owned any automobile continuously but that there had been *an automobile at the household during such years belonging to an organization which he owned* but which was not his property. Appellee was an "interested" witness.

It is the general rule that the uncontradicted testimony of an interested witness such as a party to the suit only raises a fact issue to be determined by the Trial Court or the jury. But where the testimony of the interested witness is not contradicted by any other witness and is clear, direct and positive, free from contradiction, inaccuracies and circumstances tending to cast suspicion upon it, it is taken as true as a matter of law. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908. Evidently the Trial Court disregarded the uncontradicted testimony of appellant concerning the ownership of the automobile in question because of its ambiguity and contradiction and relied upon appellee's prima facie case. Stone v. City of Dallas, supra. We see no reason to disturb the Trial Court's finding and appellant's second point of error is overruled.

For his 3rd, 4th and 5th points of error appellant urges that the Trial Court erred in finding that the taxes as assessed were delinquent and that the accrued penalties and interest had been correctly alleged and proved by appellee, and that appellant did not render such property for taxation as required by law for any of the years 1942 through 1958 inclusive and therefore such taxes, penalties and interest are due and owing by appellant and that no part thereof has been paid.

The only evidence offered by appellant consisted of tax receipts on the real property owned by him at 4500 Potomac including improvements thereon for the years 1942 through 1953, inclusive. These receipts do not show any assessed valuation of personal property or tax levied thereon. Appellant also introduced an unpaid statement of personal property taxes amounting to $6.30 due for the year 1958 on personal property valued at $450.00, together with a letter signed by appellee's Assessor-Collector dated January 20, 1959 returning appellant's check for $2.80 offered in payment of his 1958 personal property tax for the reason that the personal property tax as de-

termined by appellee's Board of Equalization amounted to $6.30 and requesting payment in full. Appellant also testified that although he paid all of the taxes on the real property owned by him at 4500 Potomac he could have received appellee's statements for taxes due on personal property but that if he had received such statements, he did not pay them and that the only payments which he made to appellee were the taxes assessed upon his real property. Appellant thereby failed to sustain the burden of proving his defenses under Art. 7329(2) and (3), V.C.S., that the taxes sued for had been paid or that the taxes sued for were in excess of the limit allowed by law.

Appellee's tax assessor-collector testified that all exemptions authorized by Art. 7150 V.C.S. had been credited on the assessed valuations of the personal property so taxed. The 3rd, 4th and 5th points of error are overruled.

The 6th point of error is directed to the error of the Trial Court in failing to comply with appellant's request for additional findings of fact. At the request of appellant the Trial Court made findings of fact and conclusions of law. Appellant then excepted and objected to the findings of fact theretofore made by the Court and requested the Court to make 10 additional findings of fact. The transcript of record is devoid of any requested additional findings of fact and therefore it may be presumed that the Trial Court failed to comply with appellant's request. However, the record also failed to reveal that appellant filed any bill of exception to the Trial Court's failure to make the additional requested findings of fact. Appellant's 6th point of error is without merit and is overruled. Steppe v. O'Day, Tex.Civ.App., 315 S.W.2d 599, 603, error ref. N.R.E.

The judgment of the Trial Court is affirmed.

Affirmed.