The **CITY OF HOUSTON** et al., Appellants,

v.

**WESTERN EQUIPMENT RENTALS, INC.,**
Appellees.

No. 4553.

Court of Civil Appeals of Texas.

Waco.

Dec. 22, 1966.

William A. Olson, City Atty., Ralph A. Keen, Asst. City Atty., Houston, for appellants.

Boone & Cox, Houston, for appellees.

OPINION

WILSON, Justice.

Appellant sued appellee corporation for taxes alleged to be delinquent. After trial without a jury the court rendered a judgment that appellant take nothing. We affirm.

Appellant's evidence consisted of a certified copy of a "delinquent tax statement" apparently purporting to show taxes due by appellee on construction equipment for the years 1960–1964 in specified amounts; and testimony concerning attorneys' fees. Appellant's charter provides that a certified statement of the taxes due on any property made from the tax rolls shall be prima facie evidence that the tax is due, and that prerequisites pertaining to levy and assessment have been complied with.

The evidence of appellee was that its home office was in another county, although various pieces of equipment owned by it were in Houston at intervals during the tax years involved. There was evidence that the manager of the corporation lived and officed in Houston, where lease records and bank accounts were kept, and lease payments were made; that equipment was usually returned to Houston when it was removed from a job, and was repaired there.

There are no findings of fact, and the basis for the trial court's judgment is not

stated. Appellee suggests no tenable ground in support of the judgment. If it is to be sustained it must be on the basis that the property has not been assessed in the county "where situated" as required by Art. VIII, Sec. 11, Texas Constitution, Vernon's Ann.St.

■ Tangible personal property, under this provision, is taxable at the domicile of the owner unless it has acquired a situs for taxation elsewhere. Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778, 781. At common law personalty was taxable only at the domicile of the owner, regardless of its actual location, and "This is still the basic principle upon which the taxation of personal property rests", said Chief Justice Cureton in that case.

■ Under the constitutional provision, the words "where situated" do not by their own force determine the situs of personalty to be where it is physically located. City of Dallas v. Texas Prudential Insurance Co., 156 Tex. 36, 291 S.W.2d 693, 695. But the actual situs for taxation of "certain classes" of tangible personal property has been determined to be "where they are permanently kept." Great Southern Life Ins. Co. v. City of Austin, id., 781, syl. 12. See State v. Crown Central Petroleum Co., Tex. Civ.App., 242 S.W.2d 457, writ ref.; City of Dallas v. Overton, Tex.Civ.App., 363 S.W.2d 821, 825, writ ref. n. r. e.; 84 C.J.S. Taxation § 115, pp. 224, 225; 110 A.L.R. pp. 707, 717; Cooley, Taxation, (4th ed.) Sec. 452; 6 Baylor L.Rev. (1954) 324, 327.

■ The trial court's implied findings that the corporation was domiciled in another county, and the property was not located or kept in the taxing districts with the requisite degree of permanency support the judgment. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, syl. 1.

Affirmed.