**PLANTATION FOODS, INC., Appellant,**

v.

**CITY OF DALLAS, Appellee.**

**No. 17226.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 17, 1969.

Rehearing Denied Feb. 21, 1969.

Pat Beard, of Beard & Kultgen, Waco, for appellant.

N. Alex Bickley, William J. Mayhew, Thomas E. Mayes, City Attys., Dallas, for appellee.

BATEMAN, Justice.

The appellee City of Dallas sued the appellant to recover delinquent ad valorem taxes, with penalty and interest, on personal property alleged to be owned by appellant and located within the corporate limits of the City of Dallas on January 1, 1967. Appellant's only answer was a general denial. Appellee filed an amended motion for summary judgment pursuant to Rule 166–A, Vernon's Texas Rules of Civil Procedure, attaching thereto a duly certified copy of the delinquent tax roll showing appellant as owner of personal property valued at $85,440, and taxes thereon of $2,922.05; also the affidavit of Norman Register, Assessor and Collector of Taxes for the City of Dallas; also a duly certified copy of appellant's articles of incorporation; and a certified copy of a signed rendition of personal property (concerning which we shall speak more fully later in this opinion). Register's affidavit recites his qualifications and personal knowledge of the matters sworn to therein, and states that for the years shown on the delinquent tax roll ad valorem taxes were assessed and levied on goods, wares and merchandise belonging to Plantation Foods, Inc., and stored at a certain place in the City of Dallas, and that the taxes are past due and unpaid.

The appellant filed what is designated as "Controverting Affidavit to Plaintiff's Motion for Summary Judgment," which is in the form of an answer to the motion for summary judgment, sworn to by appellant's president, reciting that appellant is a farmers' marketing cooperative organized under Articles 5737 et seq., Vernon's Ann.Civ. St. of Texas; that the personal property which the City of Dallas was attempting to tax consisted of frozen, processed, whole turkeys belonging to the producer-members of appellant and held and stored by it for them; that the producer-members paid a fee to appellant to process, store and sell turkeys belonging to them; that each such producer-member grows turkeys, and the frozen turkeys which are the subject matter of this suit were produced by the producer-members; that appellant "receives the turkeys for processing, such turkeys are processed, graded, weighed, and then credited to members' accounts and then co-mingled (*sic*) and carried in the name of Plantation Foods, Inc. solely for the purpose of facilitating the handling of sales for such members. That the actual title to such turkeys remains in the producer-members."

The trial court sustained appellee's motion and rendered summary judgment for taxes and interest of $3,331.14, with interest and costs, and for foreclosure of the tax lien. The appellant's appeal is based upon one point of error asserting that the judgment was erroneous because the whole, processed, frozen turkeys were exempt from taxation under Article VIII, Section 19, of the Texas Constitution, Vernon's Ann.St., reading as follows:

"Sec. 19. Farm products in the hands of the producer, and family supplies for home and farm use, are exempt from all taxation until otherwise directed by a two-thirds vote of all the members elect to both houses of the Legislature."

In presenting its motion for summary judgment the appellee assumed the burden of showing the absence of any genuine issue as to any material fact and that it was entitled to a judgment as a matter of law. In passing on whether this burden has been carried, the court must resolve all doubts as to the existence of a genuine issue as to a material fact against the movant, viewing the evidence in the light most favorable to the party opposing the motion, disregarding all conflicts in the evidence and accepting as true the evidence which tends to support the position of the

party opposing the motion. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965).

Appellee argues that even under those rather stringent rules it was entitled to the summary judgment on grounds set forth in two counterpoints, as follows:

(1) Because appellant's controverting affidavit is fatally defective and does not establish by strict proof the existence of all facts necessary to create an exemption under the Texas Constitution; and

(2) because processed frozen turkeys are not entitled to such exemption.

Appellee's position under its first counterpoint is twofold. First, since the defense of exemption was an affirmative defense it could not be raised under the general denial but was required by Rule 94, T.R.C.P., to be pled affirmatively, citing City of San Antonio v. Young Men's Christian Association, 285 S.W. 844 (Tex.Civ. App., San Antonio 1926, writ ref'd). Secondly, it is insisted that even if the defense had been pled the appellant's so-called "Controverting Affidavit" was insufficient to establish any facts that would constitute a defense, calling our attention to the fact that the statements contained in the so-called "Controverting Affidavit" are mere conclusions which would not be admissible in evidence on a trial of the case and are not in themselves sufficient to establish the defense of exemption.

■■ We agree with appellee that the affidavit of Norman Register and the certified copy of the delinquent tax roll attached thereto established a prima facie case for the recovery of the taxes, including the ownership by appellant of the property. Aycock v. City of Fort Worth, 371 S.W.2d 712 (Tex.Civ.App., Fort Worth 1963, writ ref'd n. r. e.); Whaley v. Nocona Ind. School Dist., 339 S.W.2d 265 (Tex.Civ.App., Fort Worth 1960, writ ref'd). We also agree with the principle, asserted in Radio Bible Hour, Inc. v. Hurst-Euless Ind. School Dist., 341 S.W.2d 467, 468 (Tex.Civ.App., Fort Worth 1960, writ ref'd n. r. e.), that " * * * the right to enjoy exemption from taxation can only be established by strict proof of the existence of all facts necessary to create the exemption."

Moreover, it cannot be denied that many of the statements in the so-called "Controverting Affidavit" are not stated in such form as to render them admissible in evidence and that they are conclusions. It must also be admitted that appellant failed to show of record affirmatively that its officer who swore to the truth of the statements therein was competent to testify and that the statements were made on his personal knowledge, all as required by subdivision (e) of Rule 166–A, T.R.C.P.

Nevertheless, we must not lose sight of the fact that the record before us contains a rather significant document. It is marked Exhibit C to the amended motion for summary judgment and is a certified copy of a printed form which purports to be a voluntary rendition by appellant of property within the corporate limits of the City of Dallas on January 1, 1967. The first item under the general heading "ASSETS" consists of the printed words "Inventory of Goods, Wares and Merchandise as of January 1, 1967," opposite which, under the heading "FULL BOOK VALUE" appear these typewritten words: "No value for tax purposes *." Another asterisk, near the bottom of the page, is followed by the typewritten words, "Article VIII, section 19 of the Texas Constitution." A line appears to have been drawn through the words "No value for tax purposes *" and immediately above those words someone has written the figure, 85,-440, and in what appears to be the same handwriting near the bottom of the page, opposite the words "Assessed Value (For Assessor's use only)" are the figures, "$85,-440."

In its said "Controverting Affidavit" appellant alleges:

"III.

That the Exhibit 'C' attached to Plaintiff's motion for summary judgment is not a true and correct copy of the rendition made by Plantation Foods, Inc. That some party, unknown to Plantation Foods, Inc., has written in the figures $85,440.00. That such rendition clearly claims an exemption under Art. 8, Section 19 of the Texas Constitution."

Although this controverting affidavit was filed approximately a month before the hearing of the motion for summary judgment, appellee filed no exception thereto and filed nothing to complain of the absence of an affirmative pleading of the defense of exemption. Therefore, when the matter came on for hearing there was in the record before the trial court, as in the record before us, enough to demonstrate that the appellant was raising the defense that the property in question was exempt from taxation under the Constitution. We cannot close our eyes to the fact that, even though it is not affirmatively pled and even though the "affidavit" offered in support thereof fails to comply with the rules, the appellee and the trial court were put on notice that the appellant was claiming this defense.

As stated above, appellee was under the burden of showing the complete absence of any genuine issue of material fact *and* that it was entitled to judgment as a matter of law. Yet, in its effort to make this showing it presents to the court a rendition admittedly signed by appellant but which indicates on its face that appellant is contending the property is not subject to taxation because of the exemption provided for in the Texas Constitution. This document also shows on its face that it has been altered in a material respect, although no explanation of such alteration, or by whom it was made, is offered. The appellant swears that it was not al-

tered by it. Can it be said in the light of these circumstances that appellee has carried its burden of showing that there is no genuine issue as to any material fact *and* that it is entitled to a judgment as a matter of law? We think not. See Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233, 237 (1956), wherein it is said that although the trial court will normally look to the pleadings to determine the issues that may exist in a case, when it is shown that an amendment of the pleadings of the opposite party would render the position of the moving party insupportable under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law, and that such amendment should not be prevented by the entry of a final judgment. The opinion ends with these words:

"We hold, therefore, that when the affidavits or other summary judgment 'evidence' disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party."

As an indication of how far the principle of *Womack* may be extended, see also Gonzales v. Texas Employers' Ins. Ass'n, 408 S.W.2d 521, 523 (Tex.Civ.App., Eastland 1966, writ ref'd n. r. e.), wherein it is said:

"Appellee says there are no specific pleadings of the appellants to support such a recovery. If it appears *anywhere in the record* that a fact issue is raised, *whether supported by the pleadings or not,* a summary judgment is improper. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956)." (Italics ours.)

Therefore, we are constrained to overrule appellee's first counterpoint and hold that the summary judgment cannot be sustained on the grounds that the defense was not affirmatively pled and that appellant's controverting proof did not strictly comply with the rules pertaining thereto.

We sustain appellant's point of error and reverse the judgment, but wish to make it perfectly clear that in doing so we are not holding that processed frozen turkeys generally, or the turkeys involved in this case, are or are not exempt from taxation. We merely hold that the meager facts reflected in the record of these summary judgment proceedings do not establish that the turkeys here involved are not exempt. In sustaining appellant's point of error, therefore, we do so without prejudice to the rights of both parties to reassert their contentions on a trial of the merits of the case, when the facts can and doubtless will be more fully developed.

Reversed and remanded.