Leo DENNIS, Appellant.

v.

The CITY OF WACO and Waco Independent School District, Appellee.

No. 4797.

Court of Civil Appeals of Texas.

Waco.

July 24, 1969.

Rehearing Denied Sept. 11, 1969.

Haley, Fulbright, Winniford, Sessions & Bice, John Fulbright, Waco, for appellant.

Earl Bracken, City Atty., Don J. Rorschach & Albert R. Kuehl, Asst. City Attys., Waco, for appellee.

## OPINION

HALL, Justice.

Appellees, City of Waco and Waco Independent School District, brought this action to recover ad valorem taxes alleged to be delinquent for the years 1962, 1963 and 1964 on some bulldozers owned by appellant.

Trial was to a jury which found, in answer to the single special issue submitted, that the equipment was "permanently situated" outside the City of Waco.

The trial court overruled appellant's motion for judgment, and granted appellees'

motion for judgment notwithstanding the verdict. Appellant assigns error to these rulings. We affirm the trial court.

Appellant's testimony is undisputed and shows that at all relevant times he was a resident of and domiciled in the City of Waco. He is a soil conservation contractor. He clears land, builds ponds and does terrace work for farmers and ranchers. The equipment in question was used by him in that work. With the exception of one small job, the equipment was never within the city. Most of the time the equipment was used in McLennan County; however, some of the jobs "scattered into other counties." The equipment had no permanent base, but was moved by appellant directly from one job site to another. As he completed a project, appellant arranged with the person for whom he had done the work to leave the equipment on the job site until needed by him at another place. He procured business by personally contacting persons who made applications for financial aid with the Waco office of the Federal Soil Conservation Service, and from others who saw him working and made inquiry of him for services. He did not maintain a business office. He received telephone calls at his home regarding his work, and kept some business records there.

Appellant testified that McLennan County did not tax the equipment. With that exception, there is no evidence as to whether taxing units other than appellees have assessed the property. The record is silent as to where the property was located or whether it was in use on or about January 1st of the years in question.

During oral argument before this court, the parties agreed that for the purposes of this lawsuit the city and the school district have the same boundary.

The trial court properly disregarded the jury finding. There is no evidence that the property in question acquired a permanent site or location outside the city. To the contrary, the evidence conclusively shows that the equipment was regularly

moved from one temporary location to another and did not have an actual situs of its own at any place.

■ It is the basic rule of taxation in Texas that personal property of every description is taxable at the domicile of its owner. Great Southern Life Insurance Company v. City of Austin, 112 Tex. 1, 243 S.W. 778, 780 (1922); Texas Land & Cattle Company v. City of Ft. Worth (Tex.Civ.App., 1934, writ ref.), 73 S.W. 2d 860, 862; State v. Crown Central Petroleum Corp. (Tex.Civ.App., 1951, writ ref.), 242 S.W.2d 457, 460; Greyhound Lines, Inc. v. Board of Equalization (Tex. Sup.Ct., 1967), 419 S.W.2d 345, 349. Only three exceptions to this rule have been declared by the courts of our state. They are, "(1) there is a statute to the contrary, or (2) the property is tangible and has acquired an actual situs of its own in a state or place other than where the owner is domiciled, or (3) in the case of intangible property, it has acquired a business situs in a state other than the one where the owner is domiciled." Greyhound Lines, Inc. v. Board of Equalization, supra; State v. Crown Central Petroleum Corp., supra.

Appellant recognizes that exceptions (1) and (3) have no application in this case, but he insists that his equipment comes within exception (2). The gist of his argument is this: the undisputed evidence that the equipment was permanently kept outside the city necessarily establishes that the property had a situs for taxation purposes at some place other than in the city. We do not agree with that proposition.

■ The mere fact that the equipment was permanently kept outside the taxing district of appellant's domicile is not controlling under the facts before us. The record affirmatively shows that the equipment did not acquire an actual situs of its own in any taxing jurisdiction. Therefore, it was taxable at the domicile of appellant. O'Neal v. Whitley (1933), 177

Ga. 491, 170 S.E. 376; Ace Construction Company v. Board of Equalization (1959), 169 Neb. 77, 98 N.W.2d 367. Cf. City of Houston v. Alamo Barge Lines, Inc. (Tex. Civ.App.1969), 437 S.W.2d 579, rev'd on other grounds (Tex.Sup.Ct., 1969); City of Amarillo v. Carter (Tex.Civ.App., 1964, no writ), 380 S.W.2d 177; Sanford Ind. School Dist. v. H. B. Zachry Company (Tex.Civ.App., 1965, writ ref., n. r. e.), 393 S.W.2d 402; City of Houston v. Western Equipment Rentals (Tex.Civ.App., 1966, no writ), 410 S.W.2d 805; George M. Brewster & Son, Inc. v. Borough of Bogota (1952), 20 N.J.Super. 487, 90 A.2d 58; Sayles v. Los Angeles County (1943), 59 Cal.App.2d 295, 138 P.2d 768; Commonwealth v. American Dredging Co. (1888), 122 Pa. 386, 15 A. 443, 1 L.R.A. 237.

The judgment is affirmed.