**ALAMO BARGE LINES, INC., Petitioner,**

v.

**CITY OF HOUSTON et al., Respondents.**

No. B-1454.

Supreme Court of Texas.

Feb. 4, 1970.

Associate Justice Sears McGee.

Blades, Crain, Slator, Winters & Ross, James E. Ross, Houston, for petitioner.

William A. Olson, City Atty., Jerry S. Payne and Jay Howell, Asst. City Attys., Houston, for respondents.

McGEE, Justice.

Our opinion delivered on June 18, 1969, is withdrawn, and the following is substituted in its place.

The City of Houston, on behalf of itself and the Houston Independent School District, instituted this action against Alamo Barge Lines, Inc., to recover delinquent

ad valorem taxes on unrendered personal property for the years 1953 through 1962, with interest, penalties, costs and attorney's fees. The trial was had before the court without a jury, and a take nothing judgment was rendered against City. The Court of Civil Appeals reversed and remanded the cause to the trial court. 437 S.W.2d 579. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

Hereinafter, Alamo Barge Lines, Inc. will be referred to as Alamo, and the City of Houston and the Houston Independent School District will be referred to as City.

Alamo is a corporation duly organized under the laws of this State, with its principal office located in Houston, Texas.

City claims that part of Alamo's corporate assets during the years 1953 through 1962 consisted of "tugs and barges," and it is upon this property that City is attempting to recover the delinquent ad valorem taxes.

Alamo concedes ownership of "barges" during the years in question, but denies ever having owned "tugs" in the plural. It claims that it owned *one tug*,[1] the "Philip Arthur," between the years 1953 and 1959, and that it terminated its ownership of this lone tug early in 1960.

In accordance therewith, City has admitted in its brief before this Court that any assessments made against "tugs" for the years 1960 through 1962 are invalid, since these assessments are based upon nonexistent property.

Acting under the misapprehension that its tug and barges were not taxable by City, Alamo did not render them for taxation.

Despite this omission by Alamo, City nevertheless rendered and assessed the personalty and placed it on the official delinquent tax roll. In all of the tax statements that were subsequently sent to Alamo, and in the certified copy of the delinquent tax statement that was introduced into evidence during the trial, the property has been described as "Furniture Fixtures Tugs and Barges." Alamo never received any tax statement in which its nautical property was merely described as a "tug and barges," or by any other similarly limited description.

On motion by City, the trial court filed findings of fact and conclusions of law. It found that the "tugs and barges" had not acquired a taxable situs in Houston, and concluded as a matter of law that there may not be a valid assessment of ad valorem taxes against property which does not exist; and that no valid assessments of ad valorem taxes were made against vessels owned by Alamo Barge Lines, Inc.

The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause, correctly concluding that the vessels had acquired a taxable situs within the City of Houston. It did not rule on any other issues.

In the sole point of error before us, Alamo contends that it effectively rebutted City's prima facie case. We agree.

It is clearly shown by the record that City chose to rely upon Article 7328.1, in order to establish its prima facie case. In a tax suit of this nature, the plaintiff establishes a proper prima facie case under Article 7328.1, by introducing into evidence the official tax rolls, Plantation Foods, Inc. v. City of Dallas, 437 S.W.2d 396 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.); certified copies of the official tax records, Bass v. Aransas County Independent School Dist., 389 S.W.2d 165 (Tex. Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); or certified copies of the appropriate delinquent tax records, Newton v. Highland Park Independent School Dist., 361 S.W.2d 916 (Tex.Civ.App.— Austin 1962, no writ), in conjunction with

---

1. Emphasis throughout is ours, unless otherwise indicated.

the testimony of the assessor-collector that, according to the record, such taxes are due and delinquent.

In this case City introduced a certified copy of the combined delinquent tax rolls. The deputy assessor-collector testified that it was "a true and correct copy" of the delinquent tax rolls for the City of Houston and the Houston Independent School District. This established City's prima facie case.

Once this initial burden. is met by the plaintiff in a tax suit, as was done by the City of Houston, the burden of introducing evidence switches to the defendant taxpayer. Thereafter, if he is to · prevail, the taxpayer must introduce his defensive evidence which meets the requirements of law necessary to vitiate the assessments. Plantation Foods, Inc. v. City of Dallas, supra; Bass v. Aransas County Independent School Dist., supra.

In order to meet this burden, the taxpayer may assert the statutory defenses found in Article 7329, Tex.Rev.Civ.Stat. Ann. (1960).

While putting on its case in chief, Alamo relied primarily upon section 1 of Article 7329, which is, in essence, an affirmative defense by which the taxpayer denies ownership of the property being taxed.

Introduction of this defensive evidence narrowed the issue to Alamo's actual ownership of "tugs," as described and assessed in the combined tax roll. In order for the plaintiff to establish the defendant's indebtedness in a suit for delinquent taxes on personal property, it must prove that the property belongs to such defendant. State v. Trilling, 62 S.W. 788 (Tex.Civ.App.—1901, no writ); 54 Tex. Jur.2d, Taxation § 154 (1964). City failed to prove this.

The president of Alamo Barge Lines, Inc. testified on both direct and cross-examination that Alamo never owned more than one tug. City made no palpable effort to dispel or discredit this defensive testimony. It failed not only to sustain its burden of persuasion, as is evidenced by the decision of the trier of fact, but also, as a matter of law, City failed to sustain its burden of introducing additional evidence to refute Alamo's defensive evidence of nonownership. Therefore, we conclude that Alamo effectively rebutted City's prima facie case.

Our holding does not preclude City from reassessing the property and collecting such pro tanto taxes as may be lawfully due.

Our result in this case applies equally to the Houston Independent School District.

We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court that City take nothing.

The motion for rehearing is overruled. The parties will have fifteen (15) days from this date within which to file motions for rehearing.