The STATE of Texas, Appellant,

v.

Richard F. LOOMIS, Jr., Appellee.

No. 17658.

Court of Civil Appeals of Texas, Dallas.

July 23, 1971.

Gerald Weatherly, Asst. Dist. Atty., Dallas, for appellant.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellee.

ON MOTON FOR REHEARING

GUITTARD, Justice.

On motion for rehearing our former opinion is withdrawn and the following is substituted.

In this suit for taxes on personal property the trial court excluded certified copies of parts of two lists of delinquent or insolvent taxpayers and denied recovery of the taxes claimed. The question is whether the copies were admissible as evidence of taxes due.

Plaintiff's Exhibit 2 is captioned "List of Delinquent or Insolvent Taxpayers of Dallas County, 1966." The first page of the exhibit shows in separate columns the page and line of the original roll from which the information was taken, the names of the

taxpayers, the amounts of state, county, hospital and junior college taxes, and the totals. The second page contains a sworn certificate by the tax collector of the correctness of the entire list and also shows approval by the commissioners court. The third page contains the following certificate bearing the seal of the Tax Collector of Dallas County:

"STATE OF TEXAS
COUNTY OF DALLAS

This is to certify that the above and foregoing instruments are a true and correct copy of the List of Delinquent or Insolvent Taxpayers of Dallas County, 1966, insofar as it pertains to the pages and lines enumerated therein; and that the originals of said instruments are now filed papers in my office and constitute a part of the records thereof.

WITNESS MY HAND THIS 24 day of April 1969.

BEN GENTLE
Assessor and Collector of Taxes
Dallas County, Texas

By H. F. Brownlee
Deputy"

Plaintiff's Exhibit 3 is a copy of a similar list for 1967 and bears the same kind of certificate.

The taxpayer objected to each of these lists on the grounds, among others, that no proper assessment was shown, that the list did not specify the property taxed or its value, that defendant was not shown to be the owner, and that the list was not properly certified. The objections were sustained.

The state also offered in evidence Plaintiff's Exhibit 1, which was a written statement by a deputy tax collector showing the amount of taxes as appearing on the tax rolls, together with penalty and interest, and the testimony of the deputy that the amounts shown were due and unpaid. The trial court at first sustained the taxpayer's objection to this statement, but later stated that it had been admitted in evidence.

The state contends that Exhibits 2 and 3 were admissible as certified copies under Alamo Barge Lines, Inc. v. City of Houston, 453 S.W.2d 132 (Tex.Sup.1970), in which the requirements of a prima facie case in a suit for delinquent taxes on personal property were stated as follows:

"In a tax suit of this nature, the plaintiff establishes a proper prima facie case under Article 7328.1, by introducing into evidence the official tax rolls, Plantation Foods, Inc. v. City of Dallas, 437 S.W.2d 396 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.); certified copies of the official tax records, Bass v. Aransas County Independent School Dist., 389 S.W.2d 165 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); or certified copies of the appropriate delinquent tax records, Newton v. Highland Park Independent School Dist., 361 S.W.2d 916 (Tex.Civ.App.—Austin 1962, no writ), in conjunction with the testimony of the assessor-collector that, according to the record, such taxes are due and delinquent."

The question is whether the excluded exhibits are "certified copies of the appropriate delinquent tax records" under the above rule laid down by the Supreme Court. We hold that they are.

■ These lists of delinquent taxpayers appear to have been prepared in conformity with Tex.Rev.Civ.Stat., Art. 7263 (1960), which does not require listing of the specific property or its value.* Certified

---

* "The tax collector shall make out on forms to be furnished for that purpose by the Comptroller, between April first and the fifteenth of each year, list of delinquent or insolvent taxpayers, the caption of which shall be, the 'list of delinquent or insolvent taxpayers.' In this list he shall give the name of the person, firm, company, or corporation from whom the taxes are due, in separate columns; and he shall post one copy of these delinquent or insolvent lists at the courthouse door

copies of relevant parts of these lists raised a presumption that there were valid assessments and levies of the taxes in question by a legally constituted taxing authority and that all conditions precedent to such assessment and levy had been performed. Newton v. Highland Park Independent School Dist., 361 S.W.2d 916 (Tex.Civ. App., Austin 1962, no writ). Since the state was not seeking to foreclose a lien on specific property, these copies, when taken in conjunction with the testimony of the deputy tax collector, were sufficient to establish a prima facie case and to cast on the taxpayer the burden to show that the taxes were not properly assessed against him or his property.

The taxpayer points out that a portion of the taxes for which he was sued is listed on the excluded exhibits in the name of "Linden Place Apartments" and that another portion is listed in the name of "Richard F. Loomis, Jr., et al." He argues that the exhibits are not evidence of his liability for the taxes listed under these other names. In this respect the taxpayer is correct. Those portions of the excluded exhibits were not admissible. However, since the lists did show that a portion of the taxes were assessed against the defendant only, they were admissible to that extent and the court erred in excluding them.

The state also contends that we should render judgment in its favor for the amount of the taxes claimed on the basis of the evidence admitted by the trial court. This we cannot do. The delinquent tax statement designated as Plaintiff's Exhibit 1 is not competent proof of the taxes due because it does not purport to be a certified copy of any particular record, but only a statement of information the deputy

of the county, and one list at the courthouse door, or where court is usually held, in each justice precinct in his county; and the tax collector, upon the certificate of the commissioners court that the persons appearing on the insolvent or delinquent lists have no property out of which to make the taxes assessed against them, or that they have

tax collector had gathered by examining the records. Neither was the deputy's testimony concerning the amount of the taxes due sufficient to establish the state's case in the absence of supporting records. Freeman v. State, 199 S.W.2d 301 (Tex.Civ. App., Eastland 1947, no writ); Sparks v. State, 27 S.W.2d 918 (Tex.Civ.App., Texarkana 1930, writ ref'd).

The state's motion for rehearing is granted, the judgment below is reversed and the cause is remanded for a new trial.

moved out of the county, and that no property can be found in the county belonging to such persons, out of which to make the taxes due, shall be entitled to a credit on final settlement of his accounts for the amounts due by the persons, firms, companies, or corporations certified to by the commissioners court, as above provided for."