**CITY OF BRYAN, Appellant,**

v.

**TEXAS SERVICES, INC., Appellee.**

**No. 5249.**

Court of Civil Appeals of Texas, Waco.

Aug. 30, 1973.

Rehearing Denied Oct. 4, 1973.

Pete Eckert, City Atty., Bryan, for appellant.

Douglas W. Howell, Bryan, for appellee.

HALL, Justice.

The primary question posed on this appeal is whether the City of Bryan was the proper situs for ad valorem taxation of motor vehicles owned by appellee, Texas Services, Inc., for the years 1971 and 1972. The trial court held that it was not. We agree.

Appellee initiated this action seeking a declaration of its rights and responsibilities regarding assessments for ad valorem taxes made by the City of Bryan against motor vehicles and office furniture and equipment owned by appellee. The City filed a cross-action for the collection of the taxes.

After a hearing without a jury, the court allowed the City recovery of taxes on the office furniture and fixtures, denied the City any taxes on the motor vehicles, and assessed costs of suit equally between the parties. The court expressly found and concluded that during the years in question: the motor vehicles assessed by the City were permanently located outside the City "as the term 'permanently' is used in determining situs of tangible personal property for ad valorem tax purposes"; the furniture and equipment assessed by the City was permanently located in the City; the motor vehicles had acquired a situs for taxation "outside the taxing jurisdiction" of the City; and, the only ad valorem taxes on tangible personal property owed by appellee to the City for the years in question were those assessed against the office furniture and equipment.

■ The essence of the City's assertions and arguments under the first two of its three points of error is: the conclusions that the motor vehicles acquired a tax situs elsewhere and that the City's recovery is limited to taxes assessed against the office furniture and fixtures, and the findings upon which they are based, are without support in the record.

■ It is the basic rule of taxation in Texas that personal property of every description is taxable at the domicile of its owner. Great Southern Life Insurance Company v. City of Austin, 112 Tex. 1, 243 S.W. 778, 780 (1922); Texas Land & Cattle Company v. City of Fort Worth (Tex.Civ.App., 1934, writ ref.), 73 S.W.2d 860, 862. However, if the property is tangible and has acquired an actual situs

of its own in a state or place other than where the owner is domiciled, then the basic rule does not apply and the property is taxable at the place of its situs. State v. Crown Central Petroleum Corp. (Tex. Civ.App., 1951, writ ref.), 242 S.W.2d 457, 461.

To acquire a tax situs of its own in a particular taxing jurisdiction, it is not necessary that tangible personal property be situated there with absolute permanency or with no intention on the part of the owner to remove it; it is enough to fix tax situs that it be situated there with a degree of permanency which will distinguish it from property which is there on a purely temporary or transitory basis. Greyhound Lines, Inc., v. Board of Equalization (Tex.Sup., 1967), 419 S.W.2d 345, 349.

William H. Corbusier gave the following testimony: He is president of Corbusier Chevrolet Company. He is also appellee's president. Both are Texas Corporations and maintain their home offices at 500 Texas Avenue in the City of Bryan. Appellee operates branch offices as a Hertz System Licensee in the Texas cities of Beaumont, College Station, Orange, and Victoria, and in Alexandria, Louisiana. As a Hertz System Licensee, appellee maintains its vehicles for, and rents them to, people who desire the convenience of having self-driven transportation on call. The vehicles do not operate on any fixed schedule and move property or people from one taxing jurisdiction to another as do common carriers. Appellee purchases its automobiles and trucks with which to operate as a Hertz System Licensee from Corbusier Chevrolet Company. Immediately after purchase by appellee, a motor vehicle is transferred and permanently assigned to a branch office by serial number and license registration number. Appellee does not maintain any automobiles or trucks at its home office. That office is used solely for bookkeeping and administrative purposes. The only property owned by appellee that is located in Bryan consists of two typewriters, two adding machines, one calculator, four desks, five chairs, and seven filing cabinets. All automobiles and trucks owned and maintained by appellee are located in the cities of its branch offices. The following managers, agents and employees are kept by appellee at its branch offices to service, maintain and operate the vehicles and the offices: one manager and four employees at Beaumont; one agent at Orange; one agent at Victoria; two agents at College Station; and one manager and four employees at Alexandria. All vehicles receive service and maintenance at their respective branch office locations. The vehicles are not transitorily or temporarily kept at an assigned office, but they are permanently assigned to one branch office. Each vehicle remains available for use only from its permanently assigned branch office; and each vehicle returns to its assigned branch location after each rental. The branch office locations serve as permanent storage places for the vehicles when they are not in use. Each vehicle is used solely as a Hertz System rental vehicle at the branch office to which it has been permanently assigned, and it is operated only within the business framework of that office. When each vehicle has been in service at its assigned location for the desired period of time, the vehicle is sold and another vehicle purchased and assigned to that branch location as a replacement.

It is our belief and holding that Corbusier's testimony is legally sufficient to support the challenged findings and conclusions. Accordingly, the City's first and second points are overruled.

The City argues that an affirmance in this case will conflict with our decision in Dennis v. City of Waco, 445 S.W.2d 56 (1969). We disagree. In Dennis we held that a bulldozer which was permanently kept outside the City of its owner's domicile was, nevertheless, subject to taxation by the City. However, the undisputed facts of that case, set forth in the opinion, show that the bulldozer was regularly

moved from one temporary location to another and establish as a matter of law that it never acquired a taxable situs of its own.

■■ We sustain the City's third point of error in which it asserts that the assessment of court costs against it was error. Costs may not be assessed against cities in their suits to recover delinquent taxes. Articles 7297 and 7343, Vernon's Ann.Tex.Civ.St.; City of Waco v. Owens (Tex.Sup., 1969), 442 S.W.2d 324. This rule is not changed by the mere fact that appellee preceded the City to the courthouse with its declaratory judgment action and that the City's suit for the collection of taxes was brought by way of cross-action. Seguin Independent School District v. Blumberg (Tex.Civ.App., writ ref., n.r.e.), 402 S.W.2d 552, 558.

The judgment is reformed to provide that all costs are assessed against appellee. As reformed, the judgment is affirmed.

Costs of this appeal are assessed against appellee.

Reformed and affirmed.