**CLABORN CORPORATION et al., Appellants,**

v.

**WAXAHACHIE INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 5573.

Court of Civil Appeals of Texas, Waco.

July 29, 1976.

Rehearing Denied Aug. 26, 1976.

J. Richard Eakins, Dallas, for appellants.

C. David Fielder, Ft. Worth, for appellees.

## OPINION

McDONALD, Chief Justice.

Appellants Claborn Corporation, et al., appeal from judgment against them for taxes on rental automobiles rendered by the trial court for appellees Waxahachie Independent School District, City of Waxahachie, and the State of Texas and Ellis County.

Waxahachie Independent School District and the City of Waxahachie sued appellants for personal property taxes for the years 1973 and 1974 on some 15 to 23 motor vehicles alleged to have tax situs within the School and Cities taxing jurisdiction; and the State of Texas and Ellis County intervened claiming taxes owing to them.

Appellants answered denying any tax liability.

Trial was before the court which rendered judgment for Waxahachie Indepen-

dent School District for $1544.78 plus attorneys' fees; for City of Waxahachie for $1541.50 plus attorneys' fees; and for the State of Texas and Ellis County for $1306.52 plus attorneys' fees.

Appellants Claborn appeal on 8 points contending the trial court erred in rendering judgment for appellees because:

1) There was no evidence and/or factually insufficient evidence to show appellants' vehicles were situated in Ellis County.

2) There was no evidence and/or factually insufficient evidence to show appellants' residence, principal office or principal place of business was situated in Ellis County.

Claborn Corporation was incorporated in Texas in 1969. The charter reflects its registered office was 109 Elm Street, Waxahachie, Ellis County, Texas; and that Joe Carlat at that address was one of the initial directors and registered agent. The Corporations charter was forfeited on February 26, 1973 for failure to file franchise tax report, and consequently this tax suit was brought against the Corporation, Morris N. Claborn, Keith Claborn and Janis R. Claborn individually as officers and directors of the Corporation.

The business of Claborn Corporation was automobile rentals.

During the tax years involved Claborn Corporation registered the automobiles on which taxes are sought in Ellis County, giving 109 Elm Street, Waxahachie, Texas as the address of the registering Corporation.

■ Appellees introduced their delinquent tax rolls and records, and their tax collectors testified the taxes sued for were due and unpaid. Thus a prima facie case was made against appellants for taxes. *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569, Article 7326 V.A.T.S.

It then fell on appellants to rebut appellees' prima facie case.

Mrs. Susan Jackson, secretary in the Dallas office of Claborn Corporation testified appellant has about 106 cars rented in Dallas; that no cars that she knows of were rented in Waxahachie; that appellant has 2 rental offices in Dallas; that she doesn't know "what if anything goes on at 109 Elm Street, Waxahachie".

Morris Claborn, president of appellant testified that appellants' principal place of business was Dallas County; that the office in Waxahachie was a registered office only; that he and an employee had registered automobiles of appellant in Waxahachie, Ellis County; that the Corporation has not ever had any office outside Dallas where vehicles were rented.

■ The place of a corporation's designated registered office and agent is the domicile of such corporation, although it might not.be its principal place of business. *Ward v. Fairway Operating Company*, Tex., 364 S.W.2d 194.

■ Personal property is taxable at the domicile of its owner, unless the property is tangible and has acquired an actual situs of its own in a place other than where the owner is domiciled, in which case it is taxable at the place of its situs. *City of Bryan v. Texas Services, Inc.*, CCA (Waco) NRE, Tex.Civ.App., 499 S.W.2d 750; *State v. Crown Central Petroleum Corp.*, CCA (San Antonio) Er.Ref., Tex.Civ.App., 242 S.W.2d 457.

■ Applying the foregoing rules of law to the evidence in this case, we think the trial court authorized to believe and impliedly find that the vehicles upon which appellees sued for taxes, had not acquired an actual tax situs of their own in a place other than where the owner was domiciled. *Dennis v. City of Waco*, CCA (Waco) NWH, Tex.Civ.App., 445 S.W.2d 56.

All appellants' points and contentions are overruled.

AFFIRMED.