A. & M. CONSOLIDATED
INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

Raymond FICKEY d/b/a F. & F. Vending
Services, Appellee.

No. 5575.

Court of Civil Appeals of Texas,
Waco.

Oct. 14, 1976.

Rehearing Denied Nov. 4, 1976.

---

1. Appellants were represented by an attorney of record who should have been notified of the hearing.

al property. Plaintiff-Appellant A. & M. Consolidated Independent School District brought this suit against Defendant-Appellee Raymond Fickey d/b/a F. & F. Vending Service for delinquent ad valorem taxes on tangible personal property belonging to Appellee Fickey for the years 1969 through 1974 inclusive. The personal property owned by Fickey and sought to be taxed by the School District consisted of coin-operated vending machines, including pinball machines, cigarette machines, jukeboxes, and electronic game machines.

Trial was before the court without a jury, after which judgment was entered that Plaintiff-Appellant School District take nothing, with the costs of suit being taxed against the School District.

Appellant School District asserts two points of error, to wit, that the trial court erred (1) in assessing the court costs against Appellant, and (2) in holding that Appellee Fickey was not liable for the taxes for which he was sued. We sustain Appellant's first point and overrule the second point, and thereby affirm the trial court's judgment with the reformation shown hereinbelow.

■ We revert to Appellant's first point. The School District is exempt from payment of any court costs in a suit to recover taxes. Arts. 7343 and 7297, Vernon's Annotated Texas Statutes; *Electra Independent School District v. W. T. Waggoner Estate* (Com.App.1943) 140 Tex. 483, 168 S.W.2d 645, opinion adopted by our Supreme Court; *Nacogdoches Independent School District v. McKinney* (Tex.1974) 513 S.W.2d 5. However, Appellee Fickey as the winning taxpayer is liable for the court costs incurred by him. Rule 127, Texas Rules of Civil Procedure; *Nacogdoches* supra. Therefore, the trial court's judgment is hereby reformed so as to hold that all court costs incurred by Defendant-Appellee Fickey in the trial court and on appeal are adjudged against him, and no costs in the trial court or on appeal are adjudged against Plaintiff-Appellant A. & M. Consolidated Independent School District.

John L. Sandstedt, Bryan, for appellant.

Elmer McVey, Bryan, for appellee.

OPINION

JAMES, Justice.

This is a suit for the collection of delinquent ad valorem taxes on tangible person-

As stated, Appellant's second point asserts the trial court erred in holding that Appellee Fickey was not liable for the taxes sued for. Appellant School District takes the position that the personal property in question had acquired a tax situs within the A. & M. Consolidated School District for the years in question, and therefore that Appellee as owner thereof is liable for the school taxes sued for. We do not agree.

The trial court made findings and conclusions by way of recitals in its judgment as follows: The court "found that the property sought to be taxed by Plaintiff is personal property, and is movable; that all of such property is rendered together; that approximately 10% of such property is, from time to time, located within the boundaries of Plaintiff School District, and approximately 90% of such property is located outside the boundaries of such school district; that such property is moved from time to time and has acquired no permanent, fixed situs; the court further finds that Defendant's warehouse, where such property is brought from time to time for repairs and for storage, is located in Bryan, Brazos County, Texas, and that Defendant's place of residence is in Bryan, Brazos County, Texas, neither the warehouse nor his place of residence is located within the boundaries of Plaintiff's school district."

█ It is the basic rule of taxation in Texas that personal property of every description is taxable at the domicile of the owner. *Great Southern Life Ins. Co. v. City of Austin* (Tex.1922) 112 Tex. 1, 243 S.W. 778. Also see *City of Fort Worth v. Southland Greyhound Lines, Inc.* (Fort Worth CA 1931) 123 Tex. 13, 67 S.W.2d 354, certified questions answered by the Com.App. in 123 Tex. 13, 67 S.W.2d 361 in which opinion the Court of Civil Appeals opinion was approved, opinion adopted by the Supreme Court; *Sanford Independent School District v. H. B. Zachry Co.* (Amarillo CA 1965) 393 S.W.2d 402, Tex.Civ.App., NRE; *City of Houston v. Alamo Barge Lines* (Tex.Civ. App. Houston 1st CA 1969) 437 S.W.2d 579, reversed on other grounds 453 S.W.2d 132; *Dennis v. City of Waco* (Tex.Civ.App., Waco CA 1969) 445 S.W.2d 56, no writ; *City of Bryan v. Texas Services, Inc.* (Tex.Civ.App., Waco CA 1973) 499 S.W.2d 750, NRE; *Claborn Corporation v. Waxahachie Independent School District,* 540 S.W.2d 544 (Tex. Civ.App., Waco CA 1976) opinion dated July 29, 1976.

An exception to this rule is that where the personal property is tangible and has acquired an actual situs of its own in a place other than where the owner is domiciled, the property is taxable where it has acquired an actual situs of its own. *State v. Crown Central Petroleum Corporation* (Tex.Civ.App., San Antonio CA 1951) 242 S.W.2d 457, writ refused.

In the case at bar, Defendant-Appellee Fickey's domicile as well as his office and warehouse was located in Bryan, Texas, outside the boundaries of Appellant School District; Fickey owned and operated coin vending machines including pinball machines, cigarette machines, jukeboxes, and electronic games out of his warehouse at Bryan, Texas; that he placed these machines upon the premises of various business houses in a nine county area, about 10% of which machines were at any given time within Appellant School District and 90% of which were at any given time in places outside of Appellant School District; that when the machines had to be repaired (except for very minor repairs) they were customarily taken back to Fickey's warehouse in Bryan, Texas, and immediately replaced with another machine; that the machines were constantly being changed from location to location both within and without Appellant School District; that the pinball machines on the average were changed in location three to five times a year; the electronic game machines were moved anywhere from two to five times a year; the jukeboxes were moved on an average of once a year, while the cigarette machines were changed in location every one or two years. Fickey testified, and it was not controverted, as follows: "We move machines in and out so many times that by the time the girls get the lists prepared, it may be three or four weeks

late." Also: "We move machines continuously. I have a truck and two men. That's practically all they do, is move machines. And the machines are brought into my warehouse in Bryan. And that's where all the repair work is done, except minor little things." Also: "None of my machines are located permanently any place." Also: "If that machine breaks down and I can't fix it, I have to move it and put in another one. It happens all the time."

The School District as Plaintiff herein had the burden of proof to establish that the personal property in question had established an actual situs for taxation purposes within the Plaintiff School District, a place other than that of the owner's domicile. As stated, the trial court failed to so find but on the contrary expressly found that the property had acquired no permanent, fixed situs of its own. Therefore, Appellant by its second point of error in effect is asserting that the evidence establishes as a matter of law that Fickey's machines had acquired an actual situs in Appellant School District for taxation purposes. The evidence does not show as a matter of law that the property acquired a tax situs of its own in Appellant School District. On the contrary, the evidence is abundant to support the trial court's finding and conclusion that the property had acquired no tax situs apart from Fickey's domicile. In this state of the record, the basic rule applies, to wit, that the property is taxable at the domicile of the owner. See *City of Houston v. Western Equipment Rentals, Inc.* (Tex.Civ.App., Waco CA 1966) 410 S.W.2d 805, no writ. Appellant's second point is therefore overruled.

Judgment of the trial court is hereby reformed so as to tax Appellee Fickey with the costs by him incurred, and to tax no costs against Appellant School District; and as reformed, said judgment is affirmed.

REFORMED AND AFFIRMED.