

# The Attorney General of Texas

June 27, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.0 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. JM-41

Re:  Whether Pacifica Foundation
Radio Station is entitled to ad
valorem tax exemption for its
personal property

Dear Mr. Driscoll:

You have asked whether "the personal property of Pacifica Foundation Radio Station KPFT [is] exempt from ad valorem taxes." The manager of radio station KPFT-FM, which is located in Houston, Texas, has advised us that Pacifica Foundation, which operates the radio station, is a non-profit corporation organized under the laws of the state of California. The foundation contends that sections 11.18 and 11.23(1) of the Tax Code are applicable. These sections provide as follows:

Sec. 11.18.  Charitable Organizations

(a) An organization that qualifies as a charitable organization as provided by Subsection (c) of this section is entitled to an exemption from taxation of the buildings and tangible personal property that:

(1) are owned by the charitable organization; and

(2) except as permitted by Subsection (b) of this section, are used exclusively by qualified charitable organizations.

. . . .

(c) To qualify as a charitable organization for the purposes of this section, an organization. . . must:

(1) be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted

by Subsection (d) of this section, engage exclusively in performing one or more of the following charitable functions:

(A) providing medical care without regard to the beneficiaries' ability to pay;

(B) providing support or relief to orphans, delinquent, dependent, or handicapped children in need of residential care, abused or battered spouses or children in need of temporary shelter, the impoverished, or victims of natural disaster without regard to the beneficiaries' ability to pay;

(C) providing support to elderly persons or the handicapped without regard to the beneficiaries' ability to pay;

(D) preserving a historical landmark or site;

(E) promoting or operating a museum, zoo, library, theater of the dramatic arts, or symphony orchestra or choir;

(F) promoting or providing humane treatment of animals;

(G) acquiring, storing, transporting, selling, or distributing water for public use;

(H) answering fire alarms and extinguishing fires with no compensation or only nominal compensation to the members of the organization;

(I) promoting the athletic development of boys or girls under the age of 18 years;

(J) preserving or conserving wildlife;

(K) promoting educational development through loans or scholarships to students;

(L) providing halfway house services pursuant to certification as a halfway house by the Board of Pardons and Paroles; or

> (M)  providing permanent housing and related social, health care, and educational facilities for persons who are 62 years of age or older without regard to the residents' ability to pay; [and satisfy the requirements of subsections (c)(2) and (c)(3)].

Sec. 11.23.

> (i)  Community Service Clubs.  An association that qualifies as a community service club is entitled to an exemption from taxation of the tangible property the club owns that qualifies under Article VIII, Section 2, of the constitution and that is not used for profit or held for gain. To qualify as a community service club for the purposes of this subsection, an association must:
>
> > (1) be organized to promote and must engage primarily in promoting:
> >
> > > (A) the religious, educational, and physical development of boys, girls, young men, or young women;
> > >
> > > (B) the development of the concepts of patriotism and love of country; and
> > >
> > > (C) the development of interest in community, national, and international affairs; [and satisfy the requirements of subsections (2), (3) and (4).  (Emphasis added).

In determining the status of the Pacifica Foundation under these provisions, we must keep the following principles in mind: (1) statutes exempting property from taxation are to be strictly construed, with all doubts about construction resolved against exemption, see, e.g., Davies v. Meyer, 541 S.W.2d 827, 829 (Tex. 1976); Hilltop Village, Inc. v. Kerrville Independent School District, 426 S.W.2d 943, 948 (Tex. 1968); (2) anyone claiming an exemption from taxation must, by strict proof, establish the existence of all facts necessary to create the exemption, see, e.g., Plantation Foods, Inc. v. City of Dallas, 437 S.W.2d 396, 398 (Tex. Civ. App. - Dallas 1969, writ ref'd n.r.e.); Radio Bible Hour, Inc. v. Hurst-Euless Independent School District, 341 S.W.2d 467, 468 (Tex. Civ. App. - Fort Worth 1960, writ ref'd n.r.e.).

In support of its claim that section 11.18 applies, Pacifica Foundation states that it:

> is organized for the purpose of disseminating noncommercial educational and cultural programs to the public. As an Internal Revenue Code Section 501(c)(3) organization Pacifica depends upon public donations and volunteers for its support. However, in return it endeavors to provide its community with educational and cultural programing which cannot be provided by commercial stations. For proof one need only look at the foreign language programs found on KPFT-FM. . . In order to serve the entirety of the cosmopolitan community of Houston, Texas, KPFT broadcasts German, French, British, Arabic, Persian, Vietnamese, Chinese, Brazilian, Pakistani and Indian programs. In addition, dramatic readings, live music, recorded music and news are provided to its listeners. As an institution which seeks to further the intellectual growth of the total community by broadcasting informative musical and dramatic programs directed at both the minority and majority it performs a qualifying charitable function according to 11.18(c) of the Texas Tax Code.

It is exceedingly doubtful that Pacifica Foundation could be deemed to be "organized exclusively to perform religious, charitable, scientific, literary, or educational purposes" within the meaning of section 11.18(c)(1). Even if we assume arguendo that the foundation could be so characterized, however, we cannot conclude, on the strength of the information at hand, that the foundation "engage[s] exclusively in performing one or more of the. . . charitable functions" enumerated therein. For that matter, it does not appear that the foundation engages even indirectly, much less exclusively, in performing any of these functions. Because the foundation must satisfy both requirements of section 11.18(c)(1) in order to qualify for a tax exemption, and because the information before us indicates that the foundation fails to meet at least one of these requirements, we conclude that it does not qualify for an exemption under section 11.18. Our conclusion renders it unnecessary for us to decide whether the foundation satisfies the other requirements of section 11.18(c), and whether, if the foundation qualified for a statutory exemption, it would qualify for an exemption under the Texas Constitution. See Tex. Const. art. VIII, §2.

In support of its claim that section 11.23(i) applies, Pacifica Foundation states, inter alia, that:

(1) (A)  The programing of KPFT-FM is oriented to educating young men and women, who also provide the bulk of the station volunteers.  These same individuals receive free training in the operation of a radio station.

(B)  The core of the Pacifica philosophy is to support the patriotic ideals of Thomas Jefferson. Those being that any society is pluralistic in that it is composed of many diverse elements and institutions should serve all of society not just the majority.  Our Constitution and form of government are best protected when all the diverse elements of our society have a forum upon which to express their ideas, and a stage upon which they may hold their artistic performances.  Pacifica exists to be that forum and stage and thereby serves our Constitution and country.

(C)  The programs of KPFT-FM. . . are oriented toward community, national, and international affairs in order to educate our community.

Section 11.23(i) is titled "Community Service Clubs."  It is doubtful that Pacifica Foundation could qualify as a "club" as this term is commonly understood.  Assuming that the foundation could be deemed a "club," however, we do not believe that it qualifies as a "community service club" under the criteria set forth in section 11.23(i)(1).  First, we do not see how the foundation could be said to "be organized to promote and [to be engaging] primarily in promoting" the "religious, educational, and physical development of boys, girls, young men, or young women."  (Emphasis added).  Moreover, even if we assume that the foundation to some extent furthers all of the three interests enumerated in section 11.23(i)(1), we do not believe that it is "organized to promote" and is "engage[d] primarily in promoting" those three interests.  We therefore conclude that the foundation does not qualify for a tax exemption under section 11.23(i) of the Tax Code.  In light of our conclusions, we need not decide whether the foundation satisfies the other section 11.23(i) requirements for a tax exemption, and, if it did qualify for a statutory exemption, whether it would satisfy the constitutional requirements therefor.

## S U M M A R Y

The facts at hand do not indicate that the Pacifica Foundation, which operates radio station KPFT-FM in Houston, Texas, qualifies for an

exemption from ad valorem taxation under either section 11.18 or section 11.23(i) of the Tax Code.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
David Brooks
Rick Gilpin
Jim Moellinger
Nancy Sutton